PEOPLE v PARKER

PEOPLE v JONES

CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—AVAILABILITY.
  A sentencing court is not required *sua sponte* to disclose a
  presentence report to a defendant, and the absence of a request
  to the sentencing court to make available the presentence
  report precludes a finding of error on this ground (GCR 1963,
  785.12).

Appeal from Genesee, Philip C. Elliott, Jr. Submitted Division 2 February 5, 1974, at Lansing. (Docket Nos. 17713, 17714.) Decided February 28, 1974.

Oscar Lee Parker was convicted, on his plea of guilty, of larceny from a person. Thurman Jones was convicted, on his plea of guilty, of attempted larceny from a person. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*A. Ronald Sirna, Jr.,* for defendants on appeal.

Before: BRONSON, P. J., and QUINN and VAN VALKENBURG,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 303.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. Defendant Parker pled guilty to larceny from a person, MCLA 750.357; MSA 28.589, and was sentenced to six to ten years in prison. Codefendant Jones pled guilty to attempted larceny from a person, MCLA 750.92, 750.357; MSA 28.287, 28.589, and was sentenced to three to five years in prison. Both defendants were sentenced on May 22, 1973.

The sole question raised in this appeal is whether the matter should be remanded to the trial court for resentencing, at which time the trial court would be ordered to allow the defendants to inspect the presentence report. To place the issue in proper perspective it should be noted that neither at the time of sentencing, nor apparently during the pendency of this appeal, has there ever been a request by either of the defendants to the trial court to see the presentence report.

Defendants first argue that due process requires that the trial court make available the contents of the presentence report. Assuming *arguendo* that due process does require that some disclosure be made, we are unpersuaded that due process requires anything more than disclosure when a request for the same is made upon the sentencing court.

Defendants further argue that they should have the benefit of the rule enunciated in *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973), and incorporated in GCR 1963, 785.12, which became effective September 1, 1973, even though they were sentenced prior to the date *McFarlin* was released and prior to the effective date of the amendment to the court rules. Defendants' reliance on *McFarlin* and the amended rule is misplaced, since, contrary to defendants' assertions,

neither *McFarlin* nor the amended rule require the sentencing court to *sua sponte* disclose the presentence report. Clearly the scope of the holding in *McFarlin* is coextensive with that of the amended rule. GCR 1963, 785.12 provides, in pertinent part, that:

"The sentencing court *shall permit* the defendant's attorney and the defendant to inspect the presentence report." (Emphasis supplied.)

The language clearly requires that it is incumbent upon the sentencing court to allow inspection of the report (subject to the qualification set forth in the latter part of the rule) by defendant and defense counsel; however, the very use of the verb "shall permit" belies the contention that the court must show the report absent a request.

Since defendants have at no time requested the sentencing court to make available the presentence report, it is unnecessary to reach the question of whether the amended rule should be retrospective in effect. Further, the absence of such a request precludes the finding of an error with respect to actions of the lower court at sentencing and thus any justification to reverse and remand for resentencing.

Affirmed.