PEOPLE v LEWIS

CRIMINAL LAW—PLEA OF GUILTY—NATURE OF CHARGES—COURT RULE —STRICT ADHERENCE—CASE LAW.

A defendant's conviction, based upon his plea of guilty, must be reversed where the trial judge did not personally address the defendant and inform him of the general nature of the charge against him; a recent order of the Supreme Court mandates strict adherence to the requirements of the court rule governing the taking of pleas of guilty or of nolo contendere (GCR 1963, 785.7).

Appeal from Recorder's Court of Detroit, John Patrick O'Brien, J. Submitted Division 1 October 15, 1974, at Detroit. (Docket No. 19473.) Decided January 9, 1975.

Robert L. Lewis was convicted, on his plea of guilty, of attempted robbery unarmed. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Balfour Peisner,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and CARLAND,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 497, 501, 502.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

V. J. BRENNAN, P. J. Defendant, Robert Lee Lewis, was arrested and charged with assault with intent to rob while unarmed. MCLA 750.88; MSA 28.283. On December 13, 1973, he pled guilty to an added count of attempted robbery unarmed. MCLA 750.92; MSA 28.287 and MCLA 750.530; MSA 28.798. He was sentenced, by Recorder's Court Judge John O'Brien, to a term of from 2 to 5 years in prison. He now appeals raising two issues for our consideration. We find it necessary to reach only one.

Defendant first contends that the trial court erred by not personally informing the defendant of the nature of the charge as required by GCR 1963, 785.7(1)(a). GCR 1963, 785.7 states:

"(1) * * * The Court shall not accept a plea of guilty or nolo contendere without first personally addressing the defendant and informing him of and determining that he understands the following:

"(a) The general nature of the charge to which the plea is offered; the court is not obliged to, but may explain the elements of the offense or any defenses possible;"

The trial judge here did not *personally* address the defendant and inform him of the general nature of the charge. While we feel that there are valid arguments in support of affirming this defendant's conviction, we are precluded from adopting them. On November 21, 1974, our Supreme Court issued an order in the case of *People v Shekoski,* 393 Mich 134; 224 NW2d 565 (1974), which, in addition to granting defendant's application for leave to appeal, reversed his conviction and advised the bench and bar of this state that "strict adherence" to the requirements of GCR 1963, 785.7 is required and that neither substantial compliance nor the absence of prejudicial er-

ror can save a plea where the new court rule is not strictly followed. Under GCR 1963, 785.7(5), therefore, we reverse defendant's conviction.

Reversed and remanded.

All concurred.