PEOPLE v STRONG

1. CRIMINAL LAW—PLEA OF GUILTY—COURT RULE—COMPLIANCE.

Noncompliance with a court rule which sets forth the requirements for acceptance of a plea of guilty or of nolo contendere constitutes reversible error; substantial compliance does not suffice (GCR 1963, 785.7[2], [5]).

2. CRIMINAL LAW—PLEA OF GUILTY—PLEA AGREEMENTS—RECORD—COURT RULES.

Failure to state and acknowledge the plea agreement on the record when a plea of guilty is accepted is reversible error even if the agreement is kept (GCR 1963, 785.7[2]).

3. CRIMINAL LAW—PLEA OF GUILTY—PLEA AGREEMENTS—RECORD—COURT RULES.

A plea agreement is required by court rule to be acknowledged on the record when a plea of guilty is accepted, and where a defendant alleges reversible error in that an agreement was made but not stated or acknowledged on the record, an evidentiary hearing must be held in which it must be determined: whether there was in fact a plea agreement; if so, the nature of that agreement; and whether the details of that agreement were stated and acknowledged on the record (GCR 1963, 785.7[2]).

Appeal from Oakland, William R. Beasley, J. Submitted Division 2 January 13, 1975, at Lansing. (Docket No. 20444.) Decided February 25, 1975.

Daniel E. Strong was convicted, on his plea of

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.

[1–3] Court's duty to advise or admonish accused as to consequences of guilty plea, or to determine that he is advised thereof. 97 ALR2d 549.

[2, 3] 21 Am Jur 2d, Criminal Law §§ 485, 486, 491, 493, 494.

guilty, of assault with intent to rob being. armed. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelly,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Richard G. Bensinger,* Assistant Appellate Counsel, for the people.

*Paul A. Nida,* for defendant on appeal.

Before: T. M. Burns, P. J., and D. E. Holbrook and M. J. Kelly, JJ.

Per Curiam. Defendant was charged with armed robbery, MCLA 750.529; MSA 28.797. He pled guilty to assault with intent to rob while armed, MCLA 750.89; MSA 28.284. He was sentenced to a prison term of 4 to 15 years and filed a motion in the trial court for a new trial. From the denial of that motion he appeals.

It is claimed that the trial judge erred in accepting the plea because there was no record acknowledgment of the plea agreement as required by GCR 1963, 785.7(2). That court rule reads:

"The Court shall not accept a plea of guilty or nolo contendere without personally addressing the defendant and determining that the plea is freely, understandingly and voluntarily made. If the tendered plea is the result of an agreement between the prosecutor and the defendant or his lawyer *regarding the entry of a plea,* the agreement shall be stated on the record and affirmatively acknowledged by the defendant, his lawyer and the prosecutor."

Noncompliance constitutes reversible error. GCR 1963, 785.7(5). Substantial compliance does not suffice. *People v Shekoski,* 393 Mich 134; 224

NW2d 656 (1974), *People v Lewis,* 57 Mich App 578; 226 NW2d 568 (1975).

It is obvious that if he seeks to show noncompliance with GCR 1963, 785.7(2), defendant must first establish that there was an agreement. If in fact there was an agreement, the court rule requires that it be acknowledged.

Defendant testified in support of the motion for new trial. He said that at the time of the plea he was under the impression that he had been originally charged with assault with intent to rob while armed and that, in exchange for his plea to the charged offense, a sentence concession would be made. The following is illustrative:

> *"Defendant:* * * * I thought that I was originally charged with intent to rob while armed, which was a floating max and the deal was he was giving me a 20-year max * * * ."
>
>      *    *    *
>
> *"The Court:* What did you think you were pleading guilty to?"
>
> *"Defendant:* Well, the original charge, intent to rob while armed, as I said before, that you was going to give me a 20-year max to it. The deal I thought was I was getting a 20-year max out of the same original charge."

Both counsel suggested that the trial prosecutor and trial defense lawyer be summoned to explain whether there was a plea agreement. The suggestion was declined and the trial judge ruled:

> *"The Court:* I can't conceive of any reason, where the respondent fairly and honestly indicates to the Court what he thinks the plea bargain was, and when the fact is that that plea bargain that he thought was the quid pro quo for his plea is greater than the sentence that was ultimately imposed upon him, it just wouldn't

make any sense at all for this Court to set aside the plea.

"For whatever it is worth, this Court is frank to say the Court commenced this hearing with the idea that if the defendant thought something more had been promised to him than what finally happened, the Court was prepared to set aside the plea. That's why I brought him back from prison to conduct the hearing, but on this record the motion will have to be denied."

The court properly recognized that defendant could not sustain a contention that he was entitled to relief on the basis of an unfulfilled promise. See *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971), *In re Valle,* 364 Mich 471; 110 NW2d 673 (1961), *People v Baker,* 46 Mich App 495; 208 NW2d 220 (1973).

Unfortunately, the trial judge failed to resolve the issue raised by defendant. Was there a plea agreement which was not recorded and acknowledged? The question is not—was a plea bargain kept? The two are separate and distinct grounds for relief. In other words, if there was a bargain between the prosecutor, defense counsel and defendant, the fact the bargain was kept is of no consequence with respect to the mandate of GCR 1963, 785.7(2) that the bargain be stated and acknowledged on the record. Even if the bargain is kept, reversible error results from the failure to state and acknowledge the plea on the record.

At the time of the plea, defendant denied being promised a lighter sentence in exchange for his plea. At the hearing on his motion, he testified otherwise. It is apparent that the question of whether there was in fact a plea bargain is one of fact and must be resolved by deciding whether defendant testified truthfully at the time of the plea or at the motion hearing. Since the opportu-

nity to observe the demeanor of defendant and any other witnesses at an evidentiary hearing may be important, we are not disposed to decide whether there was in fact a plea bargain.

This case must be remanded for an evidentiary hearing. The trial judge shall first determine whether there was in fact a plea agreement. If so, the nature of that agreement must be ascertained. Finally, the court must decide whether the details of any agreement were stated and acknowledged on the record in accord with GCR 1963, 785.7(2).

Remanded for proceedings consistent with this opinion. We retain no jurisdiction.