PEOPLE v MOORE

1. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—COURT RULES
—SUA SPONTE DISCLOSURE—REQUEST—RECORD.

The court rule allowing both parties access to the presentence
report at the time of sentencing is permissive and does not
require the sentencing judge *sua sponte* to disclose the report
where no request is made on the record.

2. HOMICIDE—MANSLAUGHTER—PLEA OF GUILTY—FACTUAL BASIS—
RECORD—COURT RULE—JUDICIAL QUESTIONING—SELF-DEFENSE
—SUPPORT ON RECORD.

A claim by defendant that, as required by court rule, there was
no factual basis to support her plea of guilty to manslaughter
because the record establishes that she had a claim of self-
defense was not substantiated where the trial judge himself
questioned defendant on the possibility of this defense and
defendant stated she realized that she was giving up her right
to assert it by pleading guilty and the transcript of the plea
proceeding otherwise supported the plea (GCR 1963, 785.7[3]).

3. HOMICIDE—MANSLAUGHTER—SELF-DEFENSE—PLEA OF GUILTY—PRE-
LIMINARY EXAMINATION.

Preliminary examination testimony may not be used to support a
claim of self-defense on appeal after a conviction on a plea of
guilty to manslaughter.

Appeal from Wayne, George T. Martin, J. Sub-
mitted Division 1 March 6, 1975, at Detroit.
(Docket No. 19033.) Decided March 25, 1975.

Lucille Moore was convicted, on her plea of

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 303, 527 (supp).
Presentence reports: defendant's right to disclosure of presentence
reports. 40 ALR2d 681.
[2, 3] 40 Am Jur 2d, Homicide §§ 145, 151.

guilty, of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Robert F. Mitchell, Jr.,* and *Thomas J. Olejnik,* for defendant on appeal.

Before: ALLEN, P. J., and McGREGOR and M. F. CAVANAGH, JJ.

McGREGOR, J. Defendant was originally charged with second-degree murder, MCLA 750.317; MSA 28.549, but pled guilty before the circuit court on October 31, 1973, to a negotiated plea of the offense of manslaughter, MCLA 750.321; MSA 28.553. On December 12, 1973, defendant was sentenced to serve a term of 10 to 15 years in the Detroit House of Corrections.

Defendant appeals, contending, first, that the trial court committed reversible error by allegedly refusing to permit the defendant to examine the presentence report at the sentencing, and, second, that there was no factual basis for the guilty plea.

GCR 1963, 785.12 became effective on September 1, 1973, and states:

"Presentence Reports. The sentencing court shall permit the defendant's attorney, or if he is not represented by counsel, the defendant to inspect the presentence report. The prosecution shall also be shown the report. Both parties shall be given an opportunity at time of sentencing to respond to the presentence report and to explain or controvert any factual representations

disclosed. The court may except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which have been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court shall state for the record the reasons for its action and inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure shall be subject to appellate review. (Amended and effective September 1, 1973.)

The date of the sentence was December 12, 1973; the rule was in effect on the day of defendant's sentence.

Defendant alleges that she was not allowed to examine the presentence report. The record is barren of any request by the defendant or her attorney to see the presentence report.

This Court has held that the court rule does not require the sentencing judge, *sua sponte,* to disclose the presentence report. It has been stated:

"The language [GCR 1963, 785.12] clearly requires that it is incumbent upon the sentencing court to allow inspection of the report (subject to the qualification set forth in the latter part of the rule) by defendant and defense counsel; however, the very use of the verb 'shall permit' belies the contention that the court must show the report absent a request." *People v Parker,* 51 Mich App 418, 420; 215 NW2d 569 (1974).

In *People v Tunstull,* 54 Mich App 254; 220 NW2d 703 (1974), it was argued that resentencing was necessary because the trial judge allegedly denied a defense request to examine the presentence report at the sentencing. This Court held that, since the transcript of the sentencing proceeding revealed that no request for the presen-

tence report was made by trial counsel, there was no error.

Defendant does not contend that a request was made on the record to see the presentence report. Defendant does contend in her brief on appeal, that she made such a request in chambers. She also contends that she requested of the court clerk that she be permitted to see the report.

The question presented to this Court is whether a request to view a presentence report at sentencing must be made on the record in order to preserve the matter for appeal.

This Court has held that a request must be made of the trial court to see the presentence report, in *People v Marshall,* 59 Mich App 140; 229 NW2d 346 (1975):

"His claim that the trial judge erred in failing to grant him access to the presentence report prepared in his case was very recently considered in *People v Martin,* 393 Mich 145; 224 NW2d 36 (1974). In *Martin,* the Supreme Court held that, *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973) to the contrary notwithstanding, prior to the September 1, 1973 effective date of GCR 1963, 785.12, neither the defendant nor his lawyer have an absolute right to study the contents of a presentence report. Under the circumstances here, absent a request below by defendant for access to the report and absent any indication that the trial judge abused his discretion in failing *sua sponte* to divulge the contents of the report, we cannot say that reversible error occurred."

We hold that the rule is permissive and requires a recorded request.

Defendant's next contention is that there was no factual basis for the defendant's plea of guilty so as to meet the requirements of GCR 1963, 785.7(3).

An examination of the plea transcript discloses

that the trial judge himself raised the issue of self-defense and then questioned the defendant as to the possibility of this defense. The following discussion took place:

"*The Court:* You don't think there's any self-defense here?

"*Prosecutor:* Well,—perhaps the court would like to make it clear to her—I'm sure Mr. Mitchell has already, that by tendering a plea of guilty, at this time she waives any defense she may have.

"*The Court:* At the present time I'd like to have that emphasized. Have you done that, Mr. Mitchell?

"*Mr. Mitchell [defense counsel]:* Yes.

"*The Court:* What have you told your client?

"*Defense:* I told her by tendering a plea to manslaughter, we cannot do both, we cannot tender the plea and enter a plea of self-defense at the same time. That the two are inconsistent. And that the facts must state an act of manslaughter. And that in taking the plea, we cannot present a plea of self-defense; I think she understands. She is very upset and has been seeing the doctor almost every day since.

"*The Court:* I don't want her to come back later on and say 'I don't know what I was doing and I really wanted to plead self-defense', you're sure she doesn't mean that at all?

"*Prosecution:* Perhaps we ought to get it from her on the record. Do you understand, ma'am, by pleading guilty now, that you waive any defenses that you might have to this charge—.

"*Defense:*—Give up.

"*Prosecution:* That you give up any defenses that you might have to this charge of second degree murder?

"*Defendant:* Yes.

"*Prosecution:* Okay.

"*The Court:* You don't want to claim self-defense?

"*Defendant:* I'm guilty.

"*Defense Counsel:* Well, say 'no' when the judge asks you.

"*Defendant:* No.

"*The Court:* All right. You want to plead guilty to manslaughter?

"*Defendant:* Yes.

"*The Court:* Very well; the court will accept your plea of guilty and you will be referred for a pre-sentence report in regard to your past activities—how long will that be, Mrs. Chester?

"*Court Clerk:* December 12."

During examination, the trial court asked the defendant if the victim had said anything at the time. Defendant replied that she didn't give him a chance; the victim had walked into the house, had a gun in his belt, his hands in his pocket, whereupon the defendant shot him.

Defendant next seeks to rely on the transcript of the preliminary examination to establish the claim of self-defense in order to negate the factual basis for the guilty plea. There is no authority cited by defendant which supports the theory that the preliminary examination testimony can be used to support a claim of self-defense on appeal, after a conviction on a guilty plea. (And, we cannot find any such authority.)

The transcript of the plea proceeding supports the finding of a factual basis for the guilty plea in this cause. Further, the possibility of a defense of self-defense was exhausted by the trial judge.

Conviction affirmed.