PEOPLE v CHRISTIAN

1. CRIMINAL LAW—PLEA OF GUILTY—UNKEPT BARGAIN—SPECIFIC PER-
FORMANCE—WITHDRAWAL OF PLEA.

A defendant whose plea of guilty was induced by a promise that
subsequently went unfulfilled is entitled to relief; the relief will
generally be either (1) requiring specific performance, or (2)
allowing withdrawal of the plea.

2. CRIMINAL LAW—PLEA OF GUILTY—UNKEPT BARGAIN—REMEDIES—
DISCRETION—DEFENDANT'S PREFERENCE.

The remedy for a defendant, whose plea of guilty was induced by
a promise that subsequently went unfulfilled, is left to the
discretion of the trial judge; however, the defendant's prefer-
ence is accorded considerable weight.

3. CRIMINAL LAW—APPEAL AND ERROR—PLEA OF GUILTY—UNKEPT
BARGAIN—EVIDENCE—TRANSCRIPT.

A plea of guilty, by a defendant who alleges his plea was induced
by a bargain that has not been kept, will be upheld on appeal
where the alleged bargain is supported only by a defense
affidavit and no evidence of a bargain appears on the face of
the plea transcript.

4. CRIMINAL LAW—APPEAL AND ERROR—PLEA OF GUILTY—UNKEPT
BARGAIN—EVIDENTIARY HEARING—TRANSCRIPT.

A case in the Court of Appeals will be remanded for an eviden-
tiary hearing to allow a defendant to support his claim that his
guilty plea was induced by a plea bargain and that the bargain
was unkept where some evidence of a bargain appears in the
record.

5. CRIMINAL LAW—PLEA OF GUILTY—PROSECUTING ATTORNEY—SOLE
DISCRETION—LESSER CHARGE—INFORMATION.

It is within the sole discretion of the prosecutor to agree to the
acceptance of a plea to a lesser charge that was not included in
the information.

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.
[5–8] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.
Enforceability of plea agreement or plea entered pursuant thereto,
with prosecuting attorney involving immunity from prosecution
for crimes. 43 ALR3d 281.

6. CRIMINAL LAW—PLEA BARGAINING—MAGISTRATE—PRELIMINARY EXAMINATION.

A plea bargain made at a preliminary examination by a magistrate, who loses jurisdiction over a defendant upon binding him over for trial, cannot alone bind a trial judge who acts pursuant to a mandatory presentence report.

7. CRIMINAL LAW—PLEA BARGAINING—WITHDRAWAL OF PLEA—WAIVER—SENTENCING.

A defendant waived his right to prove a plea bargain where at the plea-taking proceeding defendant was given the opportunity to prove the alleged plea bargain and to withdraw his plea of nolo contendere but he chose instead to accept a sentence.

8. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—JUDGES—REASONS FOR ACCEPTING PLEA—COURT RULES.

A trial court may not accept a plea of nolo contendere without interrogating the defendant regarding his participation in the crime unless the judge first states on the record reasons for believing that the interests of the defendant and the proper administration of justice do not require interrogation of the defendant regarding his participation in the crime (GCR 1963, 820.1[5]).

Appeal from Recorder's Court of Detroit, Michael J. Connor, J. Submitted March 2, 1976, at Detroit. (Docket No. 24171.) Decided April 6, 1976. On application for leave to appeal, the Supreme Court has amended the order on supplementation of record in lieu of leave to appeal. 397 Mich —.

Sherman Christian was convicted, on his plea of nolo contendere, of unarmed robbery. Defendant appeals. Remanded for supplementation of the record.

*Carl Ziemba,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and MCGREGOR and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Defendant was originally charged with felony murder, MCLA 750.316; MSA 28.548. In Detroit Recorder's Court on March 10, 1975, he proffered a plea of nolo contendere to an

added charge of unarmed robbery, MCLA 750.530; MSA 28.798. The trial court took this plea under advisement and, on April 4, 1975, accepted the plea and sentenced defendant to a term of from 2 to 15 years in prison. Defendant now appeals of right and raises two issues for our consideration.

Defendant's first claim of error is that the trial court's sentence constituted the breach of an agreement among defendant, the prosecutor and the preliminary examination magistrate. Defendant contends that he had entered into an agreement with the prosecutor under which defendant would plead guilty to a reduced charge and would receive probation in return for defendant's cooperation in the prosecution of the other perpetrators. Defendant claims that this agreement was sanctioned by the preliminary examination magistrate. The magistrate was not the judge who ultimately accepted the plea and set sentence.

It is well-established that a defendant is entitled to some form of relief if his plea of guilty was induced by a promise subsequently unfulfilled. *In re Valle,* 364 Mich 471, 478; 110 NW2d 673 (1961), *People v Johnson,* 386 Mich 305, 311; 192 NW2d 482 (1971), *People v Baker,* 46 Mich App 495; 208 NW2d 220 (1973). Such relief generally will take one of two forms: (1) requiring specific performance of the bargain or (2) allowing defendant to withdraw the plea. *Santobello v New York,* 404 US 257, 267; 92 S Ct 495; 30 L Ed 2d 427 (1971) (Concurrence by Douglas, J.), *People v Eck,* 39 Mich App 176; 197 NW2d 289 (1972). In general, the choice of remedy is left to the discretion of the trial court, *Guilty Plea Cases,* 395 Mich 96, 127; 235 NW2d 132 (1975), but this Court, following Justice Douglas' concurrence in *Santobello, supra,* has indicated a desire to accord the defendant's

preference considerable weight, *People v Eck, supra* at 179, *People v Baker, supra* at 497.

In the instant case, if the facts are as defendant alleges, *People v Stevens,* 45 Mich App 689; 206 NW2d 757 (1973), would seem to require us to grant defendant specific performance. In *Stevens,* defendant was present when the trial judge spoke by telephone to his lawyer and to an assistant prosecutor. The judge did not promise, but rather "indicated" an inclination, to give the minimum sentence if defendant pled guilty to the charged offense. The prosecutor apparently acceded. The judge later gave a sentence greater than the minimum. Although the judge had made no actual promise, this Court held that, because a reasonable man could conclude from the judge's remarks that he would exercise his discretion in accord with his expressed indication, defendant should be granted his requested relief, specific performance of the "bargain". Therefore, if there was a similar bargain here, it should be enforced.

The alleged bargain, however, does not appear on the face of the record. In such cases, this Court has followed one of two courses of action. Where evidence of an alleged bargain is supported only by a defense affidavit and no evidence of a bargain appears on the face of the plea transcript, the plea will be upheld. *People v Guerrero,* 57 Mich App 316; 225 NW2d 746 (1975). Where some evidence of a bargain appears on the face of the transcript, we have utilized the remedy of *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973). See, *e.g., People v Rodriguez,* 61 Mich App 42; 232 NW2d 293 (1975). *Cf. People v Rogers,* 55 Mich App 491; 223 NW2d 20 (1974). In the instant case, there is some indication of involvement by the magistrate and of a possible reward by the prosecutor for defendant's assistance.

Pertinent statements are found in a discussion between the trial judge, defendant and defense counsel:

*"[The Court]:* I allowed this plea and took it under advisement in the first instance because the detective in charge, Mr. Gilbert Hill, made a statement on the record, and has talked to me privately and very persuasively in your behalf.

*"Defendant Christian:* Yes, I understand.

*"The Court:* Your counsel has made a number of entreaties on your behalf to me also, and I think to a certain extent he was misled by another Judge, consequently may have misled you because of what he was told, and I realize that he was in some spot in this also.

"Now I don't want you to be misled as to what is going to happen now. I have reviewed this. In light of all the facts and all the circumstances I don't feel that I can just give you probation. It would be my intention if I accept this plea and if I impose sentence to set your maximum at 15 years, and that is set by the legislature, and your minimum at 2 years and send you to the Michigan Training Unit.

"Now I still feel that it is only because a number of people had interceded on your behalf that I could impose that sentence.

"But because this is an unusual situation before I accept this plea, before I impose that sentence, I am going to give you an opportunity, if you want, to withdraw the plea, and I will set it for trial. You can take some time to think about that if you want.

*"Defendant Christian:* Can I consult with my attorney?

*"The Court:* Yes.

*"Mr. Rubach [Defense Counsel]:* Your Honor, at the time that we first appeared before Judge Colombo, because of certain—I don't want to hurt anybody, you understand that—certain representations were made to me, and I don't even have to mention what, who they were. I waived Examination, and the Judge was a little astounded by this, and that's how it happened that he

made the statement that was made, and he did that in good faith, and I don't feel that that—that in any way we have been damaged by what he has done.

"Very, very recently, before you took this plea of nolo contendere, Your Honor, the prosecution had indicated that if we were not satisfied with the fact he had not had a preliminary Examination, that they would move themselves to have a preliminary Examination."

Based on this evidence alone, notably the apparent involvement of the magistrate and the request for leniency by the police, we would remand for a hearing to determine if the magistrate and prosecutor together offered defendant a bargain. If the magistrate alone promised probation, he would have been acting beyond his authority inasmuch as acceptance of a lesser charge not included in the information is within the prosecutor's sole discretion. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 684–685; 194 NW2d 693 (1972). Further, a magistrate, who loses jurisdiction upon binding defendant over for trial, cannot alone bind a trial judge who acts pursuant to the mandatory presentence report. Thus, the nature and extent of the prosecutor's involvement is crucial.

Defendant here, however, waived his chance to have a statement by the prosecutor put on the record. After the above discussion, the trial court recessed the proceedings in an attempt to obtain the presence of the assistant prosecuting attorney who had allegedly made the promise.[1] Rather than

---

[1] *"[Defense Counsel]:* My client tells me at this time, your Honor, that he would like to have the preliminary Examination, start from the beginning and work through.

*"The Court:* Well, now, who said that they would be agreeable to having him go back for a preliminary Exam?

*"Mr. Rubach:* That would be Mr. Healy.

*"The Court:* Well —

*"Mr. Rubach:* See, we waived it on the bais of certain representations that were made to us, that we, it appeared as though with the

waiting for him, defendant returned from the recess and chose to accept the sentence rather than withdraw his plea. We read this action as an express choice to waive any attempt to prove a bargain and to accept one of the alternate actions offered by the trial court.

We take this opportunity to commend the trial judge for the direct and even-handed way in which he handled this difficult situation. He clearly expressed the reasons for not giving probation and the choices open to defendant. Based on the presentence report, the trial court's refusal to grant probation was not unreasonable. The choices given to defendant were those provided by law. Defendant was, thus, adequately informed of his alternatives and knowledgeably selected one.

Defendant's second claim of error is that the trial court failed to comply with GCR 1963, 785.7(3)(d) by not stating his reasons for accepting the plea of nolo contendere. Rule 785.7(3)(d) provides in relevant part:

"the court may not accept a plea of nolo contendere * * * unless the judge first states reasons for believing that the interests of the defendant and the proper administration of justice do not require interrogation of the defendant regarding his participation in the crime."

In the instant case, the only indication of an attempt to state such reasons was a colloquy between the court and prosecutor:

cooperation of the defendant, your Honor, that it would work out satisfactory for him, so we waived.

"*The Court:* All right. Well, we will get Mr. Healy down here then. I want him to put that on the record because that is against the Court Rules.

"*Mr. Rubach:* I understand.

"*The Court:* If he wants to make that indication, I will refer it back for Examination also."

*"The Court:* All right. And I take it due to the fact situation involved here there is some good reason why the Defendant should be allowed to plead nolo contendere as opposed to a plea of guilty, is that correct?

*"Mr. Foley:* Yes, there is, your Honor. Would the Court want me to make a statement on the record?

*"The Court:* No, as long as there is some good reason that the People are aware of."

This is not sufficient. We accordingly remand this case to the trial court for the judge to supplement the record by stating his reasons for accepting the plea of nolo contendere. *Guilty Plea Cases,* 395 Mich 96, 134; 235 NW2d 132 (1975). The trial court shall state its reasons for accepting the plea within 30 days of the release of this opinion and shall advise this Court by opinion of those reasons. Pursuant to GCR 1963, 820.1(5), we hold this case in abeyance pending the further actions of the trial court required herein.

D. E. HOLBROOK, JR., P. J., concurs in result only.