PEOPLE v CLARK

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—PLEA AGREEMENTS—COURT
RULES.

A plea agreement is required to be stated on the record, so that a
reviewing court may be aided in determining whether all the
attendant promises have been satisfied (GCR 1963, 785.7[2][b]).

2. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR—AFFIDAVITS
—PLEA AGREEMENTS.

A defendant's plea of guilty should not be remanded or reversed
on the basis of a single affidavit filed by the defendant alleging
that he kept his promise of cooperation made in a plea agree-
ment which is not a part of the record.

3. CRIMINAL LAW—PLEA OF GUILTY—PLEA AGREEMENTS—COURT
RULES—DEPARTURE FROM COURT RULES.

A departure from the court rule which requires the particulars of
a plea agreement to be stated on the record may or may not
require reversal or remand for additional proceedings depend-
ing on the nature of the noncompliance; a remand to place a
plea agreement on the record is not necessary where the
defendant admits that he did not cooperate with law enforce-
ment officials as he had allegedly promised to do (GCR 1963,
785.7[2][b]).

CONCURRENCE BY D. T. ANDERSON, J.

4. CRIMINAL LAW—PLEA OF GUILTY—DENIAL OF IN-COURT STATE-
MENTS.

*The parties to a criminal prosecution should be estopped from
denying by affidavit or testimony the truth of statements made*

REFERENCES FOR POINTS IN HEADNOTES

[1–4, 6, 7] 21 Am Jur 2d, Criminal Law §§ 485, 493–495.

[5] 21 Am Jur 2d, Criminal Law §§ 503–506.

Withdrawal of plea of guilty and substitution of plea of not guilty
after conviction. 146 ALR 1269.

*in court for the express purpose of inducing the court to accept a plea of guilty.*

DISSENT BY M. F. CAVANAGH, J.

5. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—JUDGE'S DISCRETION—GREAT LIBERALITY.

*A defendant has no absolute right to withdraw a guilty plea, but a trial judge's discretion should be exercised with great liberality where a defendant is seeking to withdraw a plea prior to sentencing and the request to withdraw should be granted unless the grounds therefor are frivolous.*

6. CRIMINAL LAW—APPEAL AND ERROR—PLEA OF GUILTY—REMAND.

*The Court of Appeals should remand a case for an evidentiary hearing where the record indicates that a defendant's plea of guilty may be infirm because of unfulfilled or unstated promises to the defendant.*

7. CRIMINAL LAW—PLEA OF GUILTY—PLEA AGREEMENTS—RECORD.

*The precise terms of a plea agreement must be discovered at a hearing to set the agreement on the record even though the defendant may not have cooperated with law enforcement officials as contemplated by the agreement.*

Appeal from Oakland, Richard D. Kuhn, J. Submitted June 8, 1976, at Lansing. (Docket Nos. 25343, 25344, 25345, 26553.) Decided December 10, 1976. Leave to appeal applied for.

Juanrico Clark was convicted, on his pleas of guilty, of four charges of breaking and entering an occupied dwelling with intent to commit larceny. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James L. McCarthy,* Assistant Appellate Counsel, for the people.

*Keller & Avadenka P. C., for defendant on appeal.*

Before: Bashara, P. J., and M. F. Cavanagh and
D. T. Anderson,* JJ.

Bashara, P. J. I adopt the facts from Judge
Cavanagh's dissenting opinion.

The defendant seeks to withdraw his four guilty
pleas. He contends that the plea transcripts do not
disclose the entire plea agreement. That portion of
the plea agreement not on the record is a pur-
ported agreement by the defendant to cooperate
with the FBI in certain narcotics investigations. In
return for the defendant's cooperation it is alleged
that the FBI agreed to urge the prosecutor to
recommend a more lenient sentence.

GCR 1963, 785.7(2)(b) requires that the plea
agreement be stated on the record. The purpose
for placing the agreement on the record is to aid
the reviewing court in determining whether all
attendant promises have been satisfied. *People v
Hubbard,* 57 Mich App 542, 547; 226 NW2d 557
(1975), *vacated* 395 Mich 801 (1975), *People v Otha
Edwards,* 58 Mich App 196, 199; 227 NW2d 290
(1975), *lv den* 395 Mich 820 (1975).

In the case at bar the record reveals that the
defendant did not comply with the purported plea
agreement. His motion to withdraw his guilty
pleas was an attempt to extricate himself from an
alleged plea bargain that he breached. This is
readily apparent from the colloquy between the
court and the defendant at the sentencing proceed-
ings:

*"The Court:* Mr. Clark.
*"Defendant Clark:* Well, at the time of the plea
bargaining it was an agreement with the law agency
that I was to co-operate with them and failure to do so

---

* Circuit judge, sitting on the Court of Appeals by assignment.

on my behalf. I feel that at this time I wish to withdraw all four motions for the plea and stand trial.

*"The Court:* For what reason?

*"Defendant Clark:* I want a jury. I want a jury. I withdraw my plea.

*"The Court:* What was improper about the pleas that you gave to this Court?

*"Defendant Clark:* Well, two or three reasons. Mainly the fact that I felt that it wasn't any plea bargaining, you know, on my behalf, you know.

*"The Court:* Specifically what do you mean?

*"Defendant Clark:* For me, I want to withdraw my plea of guilty to not guilty.

*"The Court:* I am asking you for what reason.

*"Defendant Clark:* Well, the reasons were at the time I was approached by the F.B.I. to co-operate with them and that the stipulation would be that they would get my bond reduced and get me out on bond, and to plead to the charge, but failure to do so, your [sic] know, nothing accomplished by that. *They were supposed to have everything taken care of if I would have co-operated, but I failed to do so, I feel that I would like to withdraw my plea.* "(Emphasis supplied.)

Following this colloquy defense counsel conceded that the government had not breached the plea agreement.

*"The Court:* Do you know anything in the plea bargaining as to this plea that were [sic] violated?

*"Mr. Brown: (Defense counsel)* Nothing comes to my mind."

A remand to have the plea agreement placed on the record for the benefit of this Court is unnecessary. Accepting as true defendant's assertions regarding the missing portions of the plea agreement, the defendant unequivocally admitted on the record that he breached the plea agreement. The FBI's obligation to urge the prosecutor to

recommend a lighter sentence never arose, because the defendant never satisfied the condition precedent of cooperating with that law enforcement agency.

The defendant has accompanied his brief with a sworn affidavit alleging certain cooperation with the FBI. A single affidavit is insufficient to remand or reverse a plea of guilty. *People v Rodriguez,* 61 Mich App 42; 232 NW2d 293 (1975). The application of this rule seems particularly appropriate to this situation, in light of defendant's clear admission on the record that he did not cooperate with the FBI.

The cases of *People v Christian,* 68 Mich App 480; 242 NW2d 813 (1976), and *People v Rodriguez, supra,* are easily distinguishable. In both of those cases there existed the possibility that the defendants were entitled to some unfulfilled promises. That is not the situation here.

Nor do I agree that a remand merely to place the plea agreement on the record is required at all times. Although *People v Strong,* 59 Mich App 159, 162; 229 NW2d 354 (1975), supports such a proposition, it's validity is suspect today. *Strong* was decided in light of *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974), which required strict compliance with the court rule. In *Guilty Pleas Cases,* 395 Mich 96, 113; 235 NW2d 132 (1975), the Michigan Supreme Court modified *Shekoski.* It stated that whether a particular departure from GCR 1963, 785.7 justified or required reversal or remand for additional proceedings depended on the nature of noncompliance.

In the instant case the apparent reason for not placing the entire plea agreement on the record was to protect the defendant's cover. This may or may not be an appropriate reason for omitting a

portion of the plea agreement. In any event, in view of the defendant's admission of non-cooperation, it is unnecessary to remand to have the plea agreement placed on the record.

The remaining issue raised by the defendant is without merit. See *People v Moore,* 60 Mich App 1, 3–4; 230 NW2d 281 (1975).

Affirmed.

D. T. ANDERSON, J. *(concurring).* I would not set aside the plea nor remand for an evidentiary hearing. I concur with Judge BASHARA, but would go further and estop the defendant, his attorney and the prosecutor from denying by affidavit or testimony the truth of the statements made in court for the express purpose of inducing the court to accept the plea. To permit this is to use the solemn requirements of the plea processes as handcrafted by the Supreme Court to perpetrate a fraud upon the court. It denigrates the judicial process. Further amplification of this writer's reasons appear in the majority opinion in *People v Serr,* 73 Mich App 19; — NW2d — (1976).

M. F. CAVANAGH, J. *(dissenting).* Defendant appeals by leave granted from the refusal of the trial judge to grant defendant's motion to withdraw his guilty pleas to four charges of breaking and entering an occupied dwelling with intent to commit a larceny. MCLA 750.110; MSA 28.305. Just prior to sentencing, he asked that the pleas be set aside, but this request was denied and defendant was sentenced to concurrent terms of 9 to 15 years in prison.

At each proceeding, defendant was advised of all his rights pursuant to GCR 1963, 785.7(1), and a factual basis was elicited for each crime. At each proceeding, all the parties acknowledged that the

terms of the agreement were that two bonds would be reduced to personal bonds, a third bond would be $1,000 cash or surety, and the remaining bond would be $500 cash or surety. Upon inquiries by the trial judge, the defendant stated each time that no other promises had been made except those stated on the record.

However, at the sentencing proceeding, defendant stated that he wished to withdraw his pleas and wanted a jury trial. He alleged that there had been an agreement with the FBI to the effect that he would cooperate with them and they would get his bond reduced and advise the judge of his cooperation. While defendant's statements suggest that he may not have fulfilled his part of this newly disclosed bargain, the prosecutor himself acknowledged that there was more to the agreement than the reduction of bond. He admitted that there was some understanding that if defendant helped the police, the FBI "would check on behalf of him * * * ". However, he did not know what had happened. The trial judge denied defendant's motion.

While there is no absolute right to withdraw a guilty plea, the trial judge's discretion "should be exercised with great liberality * * * " when the defendant is seeking to withdraw such a plea prior to sentencing, and should be granted unless the grounds therefor are frivolous. *People v Zaleski,* 375 Mich 71, 79; 133 NW2d 175 (1965). While a single affidavit on defendant's behalf will not cause this Court to remand for an evidentiary hearing or reverse a guilty plea, *People v Rodriguez,* 61 Mich App 42, 47–49; 232 NW2d 293 (1975), where the record indicates that the plea may be infirm because of unfulfilled or unstated promises to defendant, we should remand for an evidentiary hearing.

See *People v Christian,* 68 Mich App 480; 242 NW2d 813 (1976).

In this case, defendant has not only submitted a detailed affidavit (to the effect that the FBI sought his cooperation in apprehending some drug dealers, promised to aid in sentencing, and received his cooperation), but brought his contentions to the attention of the sentencing judge. The prosecutor himself acknowledged that the FBI was involved. The record indicates that there may very well have been a violation of GCR 1963, 785.7(2), which requires that all plea bargain agreements be stated on the record and acknowledged by all the parties. I would remand for a hearing in order to set the whole plea agreement on the record. *Guilty Plea Cases,* 395 Mich 96, 127; 235 NW2d 132 (1975). See also *People v Thomas,* 66 Mich App 594; 239 NW2d 427 (1976), *lv den,* 396 Mich 866 (1976). That defendant may not have cooperated with the FBI in this case (as the prosecutor contends) does not alter the fact that the precise terms of the agreement must be discovered. See *People v Strong,* 59 Mich App 159, 162; 229 NW2d 354 (1975). If, after the hearing, the judge determines that defendant did not keep his part of the bargain, the convictions may be affirmed. If, however, the judge determines that defendant did cooperate but the law enforcement officials reneged on their promise to advise the court of defendant's cooperation, then the judge should permit defendant to withdraw his pleas of guilty. *Guilty Plea Cases, supra.*