PEOPLE v CHRISTIAN (AFTER REMAND)

1. Criminal Law—Plea of Nolo Contendere—Judges—Reasons
    for Accepting Plea—Court Rules.
    A court may not accept a plea of nolo contendere without
    interrogating the defendant regarding his participation in the
    crime unless the judge first states reasons for believing that the
    interests of the defendant and the proper administration of
    justice do not require interrogation (GCR 1963, 785.7[3][d]).

2. Criminal Law—Plea Bargaining—Withdrawal of Plea—
    Waiver—Sentencing.
    A defendant waives his right to prove a plea bargain where at a
    plea-taking proceeding the defendant was given an opportunity
    to prove the alleged plea bargain and to withdraw his plea of
    nolo contendere but he chose instead to accept a sentence.

3. Appeal and Error—Criminal Law—Plea Bargains—Evidence—
    Record.
    A remand to the trial court is generally necessary to determine
    whether an alleged plea bargain has been made with a defend-
    ant where some evidence of a bargain appears on the face of
    the transcript.

Appeal from Recorder's Court of Detroit, Mich-
ael J. Connor, J. Submitted March 2, 1976, at
Detroit. (Docket No. 24171.) Decided October 24,
1977.

Sherman Christian was convicted, on his plea of
nolo contendere, of unarmed robbery. Defendant
appealed. Remanded for supplementation of the
record, 68 Mich App 480 (1976). On application for
leave to appeal to the Supreme Court, the Su-

References For Points in Headnotes
[1–3] 21 Am Jur 2d, Criminal Law § 497 *et seq.*
 Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

preme Court ordered additional supplementation of the record by the trial court in lieu of leave to appeal, 397 Mich 854 (1976). Upon further consideration, following the filing of a supplemental record, affirmed.

*Carl Ziemba,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and L. D. McGREGOR* and N. J. KAUFMAN, JJ.

## AFTER REMAND

N. J. KAUFMAN, J. In April, 1976, this Court remanded this case for supplementation of the record regarding the trial court's reasoning for accepting defendant's plea of nolo contendere, *People v Christian,* 68 Mich App 480; 242 NW2d 813 (1976). Subsequently, on application for leave to appeal, the Supreme Court amended the order in lieu of leave to appeal, *People v Christian,* 397 Mich 854 (1976). The Supreme Court additionally ordered the trial court to determine whether there existed a plea bargain, and if there had been, whether the terms were violated. The trial court complied and we review both issues.

In our original opinion, this Court stated:

"Defendant's second claim of error is that the trial court failed to comply with GCR 1963, 785.7(3)(d) by not stating his reasons for accepting the plea of nolo contendere. Rule 785.7(3)(d) provides in relevant part:

" 'the court may not accept a plea of nolo contendere * * * unless the judge first states reasons for believing that the interests of the defendant and the proper administration of justice do not require interrogation of

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the defendant regarding his participation in the crime.'
In the instant case, the only indication of an attempt to state such reasons was a colloquy between the court and prosecutor:

" *'The Court:* All right. And I take it due to the fact situation involved here there is some good reason why the Defendant should be allowed to plead nolo contendere as opposed to a plea of guilty, is that correct?

" *'Mr. Foley:* Yes, there is, your Honor. Would the Court want me to make a statement on the record?

" *'The Court:* No, as long as there is some good reason that the People are aware of.'

"This is not sufficient. We accordingly remand this case to the trial court for the judge to supplement the record by stating his reasons for accepting the plea of nolo contendere. *Guilty Plea Cases,* 395 Mich 96, 134; 235 NW2d 132 (1975)." 68 Mich App at 486–487.

On remand, the trial court adequately stated its reasons for accepting the plea.[1] It is therefore unnecessary to vacate the plea.

---

[1] "THE COURT: Now there was a previous hearing in this Court at which time I heard the original motion argued by Mr. Ziemba and Mr. Healy for the granting of a new trial, and the grounds pursued at that time by Mr. Ziemba were the same grounds that are before the Court now, and I did point out that page 14 of the exam transcript indicated that while Browning, Till, Champion and Christian had all driven together and gone to the home of the robbery, Page 14 of the examination indicates that Sherman stayed outside to watch out according to the witness Champion's testimony, and that while the write-up indicated and the plea indicated that Mr. Sherman Christian went to that location by acting in concert and aiding and abetting others, and knowing that an armed robbery would be committed, that he was outside at the time the murder occurred, he was outside at the time the rape occurred, and he was outside at the time the robbery occurred doing his part which was to be a watchout.

"Now I find it a little incredible that under those circumstances this has come back, because if that is not a good situation for a nolo plea, I don't know what is, because Mr. Christian cannot give any direct testimony himself as to what happened inside the house inasmuch as he wasn't present and while he admits his guilt he frankly would be unable to make a record as to what had occurred inside. The only thing he could testify to was having gone there, having fulfilled his part of this as a lookout which would make him a principle [sic] of course in Michigan Law, and subsequently leaving with Champion and Browning and Till."

As to the plea bargain issue, this Court noted that no bargain appeared on the face of the record. However, this Court has also noted that "[w]here some evidence of a bargain appears on the face of the transcript," 68 Mich App at 483, a remand is generally necessary. Finding some evidence, this Court was prepared to remand. This Court did not, though, explaining:

"Defendant here, however, waived his chance to have a statement by the prosecutor put on the record. After the above discussion, the trial court recessed the proceedings in an attempt to obtain the presence of the assistant prosecuting attorney who had allegedly made the promise. Rather than waiting for him, defendant returned from the recess and chose to accept the sentence rather than withdraw his plea. We read this action as an express choice to waive any attempt to prove a bargain and to accept one of the alternate actions offered by the trial court." (Footnote omitted.) 68 Mich App at 485–486.

We interpret the Supreme Court's order (commanding the trial court to also make a record on this issue) as an indication that we are to treat the plea bargain issue on the merits. Accordingly, we again examine the remand transcript. Upon a full examination of the remand transcript, we find that no evidence of an unfulfilled plea bargain exists.[2]

[2] "THE COURT: Now if the Court's recitation of the agreement that had been made between Mr. Rubach, Detective Hill and the Court is correct, then Mr. Rubach had determined to plead his client guilty to murder in the second degree which is not a probationary offense, it requires that the Court impose a term of years on the minimum, and it carries a maximum penalty of any term of years up to and including life imprisonment. And, frankly, it strikes me that Mr. Christian got a substantially better bargain when he plead guilty to robbery unarmed in front of me because he reduced his potential maximum down from life imprisonment to 15 years, and while he received two years, he certainly must have expected a term of years on the minimum if he had plead guilty in front of Judge Colombo to murder second."

The trial court forthrightly summarized the merits of this issue:

Accordingly, we uphold the plea.

  Affirmed.

## L. D. McGregor, J., not participating.

---

"THE COURT: While you are reading that I should state for the record that I don't know what more we can possibly do here. Judge Colombo made every effort to give the Defendant and his counsel every possible option open to him.

"At the time this case came to me I explained every possible option open to the Defendant. I gave him an opportunity to do anything he wanted really. I offered to refer it back for examination. I offered to refer it back to Judge Colombo or bring Judge Colombo and bring Mr. Healy in to make additional record.

"I told him exactly what my sentence would be if I accepted his plea, and knowing all of those things, and after discussion with his counsel he said, 'Yes, yes, that's what I want.' So we did that.

"Now this seems outlandish to me."