[No. 2769–3.   Division Three.   January 23, 1979.]

*In the Matter of the Personal Restraint of*
MICHAEL DAVID RHONEMUS, *Petitioner.*

*Michael D. Rhonemus,* pro se.

*C. J. Rabideau, Prosecuting Attorney, Curtis Ludwig, Prosecuting Attorney for Benton County,* and *Dennis D. Yule, Deputy,* for respondent.

MUNSON, J.—Michael David Rhonemus seeks relief from personal restraint imposed by a Benton County conviction on a plea of guilty of forgery. He asks that we specifically enforce a Franklin County plea bargain dismissing the Benton County charges.

On October 15, 1976, Mr. Rhonemus began to enter a plea of guilty to a Franklin County charge of attempted forgery by signing a statement of defendant on a plea of guilty. At that time, there were two additional charges pending in Benton County.

The statement of the defendant on the plea of guilty to the Franklin County charge recites:

> I have been told the Prosecuting Attorney will take the following action and make the following recommendation to the court: None but Benton County Prosecutor has agreed to dismiss the charges in Benton County if Mr. Rhonemus is sent to the State Correction Center.

In addition, on the statement, the defendant acknowledged that the maximum term for attempted forgery was 5 years in a state penal institution.

During both hearings at which Mr. Rhonemus' plea was being considered by the court, the Franklin County Prosecutor indicated that the Benton County Prosecutor would dismiss the charges pending in that county if Mr. Rhonemus was sentenced to the Washington State Correction Center. Accordingly, the court accepted Mr. Rhonemus' plea on December 30, 1976, and sentenced him to 5 years at the center.

Subsequently, correction center personnel noted that the 5-year sentence was in error because attempted forgery under the new criminal code is not a felony—it is a gross misdemeanor punishable by 1 year in the county jail.[1] Therefore, they returned Mr. Rhonemus to Franklin County where on May 6, 1977, the court imposed an appropriate sentence. During that hearing, the Franklin County Prosecutor said:

> The use of the word "attempted" was improvident; no question about that, because there was never any intention to let him plead to a gross misdemeanor and sentence him to the County Jail. He either went to the joint over here on a guilty verdict if he went to trial, or Benton County would take him.

---

[1] RCW 9A.60.020 makes forgery a class C felony. Pursuant to RCW 9A.28.020, an attempted class C felony is a gross misdemeanor, which, in accordance with RCW 9.92.020, is punishable by "imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both." Formerly, attempted felonies were punishable by "not more than half the longest term . . . prescribed . . . for the commission of the offense attempted, . . ." Laws of 1909, ch. 249, § 12, p. 893 (formerly RCW 9.01.070).

Defense counsel conceded all parties had been mistaken in thinking that attempted forgery was a felony, but refused to agree to a change or withdrawal of the earlier plea, saying:

We have a man here that was charged, pled guilty and was sentenced on attempted forgery which is a gross misdemeanor under the new Code. I don't think a change in the plea or the sentencing would rectify the situation. One would still have to go back and recharge, and I don't think, although Mr. Rabideau has expressed a different feeling, I don't think anybody can expect Mr. Rhonemus to get up here today and say, "I'm sorry that a mistake was made, and let's start all over again and charge me right and sentence me to the penitentiary." I think such a position is absolutely absurd. He is not playing any games. It has happened.

The charges in Benton County were filed in superior court on June 30, 1977. During arraignment on those charges, Mr. Rhonemus indicated that he was willing to plead guilty, but the court's admonitions concerning the fact that any recommendations to the court were not binding prompted him to ask for additional time in which to consider his plea. Subsequently, after being given a week in which to reconsider the plea, the court asked him if he had thought about it. He answered affirmatively, and the court asked him if he was sure about it this time, and the defendant answered yes. The following colloquy then occurred:

THE COURT: Is this one of the charges that was previously dismissed because of the plea in Franklin County?
MR. SCHNEIDER: Yes, it was, your Honor.
THE COURT: *Do you have any problems with that?*
MR. SCHNEIDER: *No, we don't, your Honor. We just—It was dismissed without prejudice over there which leaves the prosecutor here the opportunity to refile that at any time in the future, and after the apparent mix–up with the sentencing, the fact that he was sent over on a gross misdemeanor and then was sent back five months later, the prosecution decided that that wasn't in their intent when they agreed to dismiss, and they refiled thereafter.*

THE COURT: I vaguely remember something about this, Mr. Rhonemus, and as I recall, you previously were charged over here with the same offense, and it either was dismissed or was going to be dismissed because of your plea of guilty over in Franklin County which at the time was thought to be a felony and turned out to be a gross misdemeanor, right?

THE DEFENDANT: Yeah.

THE COURT: And then the prosecutor—I resentenced you on the gross misdemeanor.

THE DEFENDANT: To a year in the County Jail.

THE COURT: And now this has been brought up again?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Was it actually dismissed before or just held in abeyance or what?

MR. LUDWIG: Actually, what happened, your Honor, was we continued our case in District Court at the District Court level, waiting the outcome, and when we found that he was in the penitentiary, we just dismissed it without prejudice. There was no agreement.

(Italics ours.) Mr. Rhonemus then entered a plea of guilty to count 1 of the refiled charges in exchange for the dismissal of count 2.

By way of personal restraint petition, Mr. Rhonemus seeks specific enforcement of the plea bargain struck in Franklin County, *i.e.*, that the Benton County charges be dismissed, and, therefore, his conviction and sentence on the guilty plea in Benton County be vacated. *See Santobello v. New York,* 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971); *State v. Tourtellotte,* 88 Wn.2d 579, 564 P.2d 799 (1977); *State v. Pope,* 17 Wn. App. 609, 564 P.2d 1179 (1977).

In disposing of the petition, it is necessary to consider the Franklin County plea bargain at the time the plea was entered. Mr. Rhonemus agreed to plead guilty to the Franklin County charge on the condition that (1) the Benton County charges would be dismissed and (2) he be sent to the correction center. The prosecutor's agreement was that the Benton County charges would be dismissed if

(1) Mr. Rhonemus pleaded guilty to the Franklin County charge and (2) he was sentenced to the correction center.

It is evident from both the record and the statement of the defendant on his plea of guilty that all parties contemplated he was pleading to a felony and would be sentenced to 5 years in the correctional facility. When he so pleaded, and when he was so sentenced, the charges were dismissed. That agreement was fulfilled.

However, due to an error of law on the part of the prosecutor, defense counsel and the court, Mr. Rhonemus was returned to Franklin County for resentencing when it was discovered he had been improperly sentenced on a gross misdemeanor rather than a felony. At that point, he knew he could not be sentenced to the correction center, but he refused to withdraw his plea to attempted forgery and plead guilty to a felony–forgery charge, which could have resulted in such a sentence.

By negating one of the conditions of the plea bargain through his knowing and intelligent failure to withdraw his plea to attempted forgery, Mr. Rhonemus freed the Benton County Prosecutor from his earlier agreement and was, therefore, subject to being prosecuted in Benton County on the charges previously dismissed without prejudice. Since Mr. Rhonemus himself failed to comply with the terms of the plea bargain, it would not be proper to allow him to specifically enforce the Benton County Prosecutor's agreement to dismiss the charge. *Cf. United States v. Eucker*, 532 F.2d 249 (2d Cir. 1976); *United States v. McGahey*, 449 F.2d 738 (9th Cir. 1971); *People v. Clark*, 72 Mich. App. 752, 250 N.W.2d 774 (1977).

Cases such as *In re Williams*, 21 Wn. App. 238, 583 P.2d 1262 (1978), are inapposite. While they do stand for the proposition that a legally unenforceable promise will be upheld if it forms a basis for a plea of guilty, these cases do not involve a mutual legal error by all parties precluding an enforcement of the agreement as to any of them.

520

The petition is dismissed.

GREEN, C.J., and MCINTURFF, J., concur.