### PEOPLE *v* ECK

1. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING.

   Plea bargaining is now an accepted practice, but the bargain must be kept.

2. CRIMINAL LAW—PLEA OF GUILTY—BARGAINED PLEA—SENTENCING —UNKEPT PROMISE.

   Trial judge's considering a presentence report based in part upon a statement made by the defendant, who had given the statement to the police as part of his bargained plea, makes the sentence imposed invalid and gives the defendant remedial alternatives regarding his plea where the prosecution had promised the defendant that the statement would not be used against the defendant.

3. CRIMINAL LAW — PLEA OF GUILTY — BARGAINED PLEA — UNKEPT PROMISE — REMEDIES.

   The remedies that a court may afford a defendant who has entered a plea of guilty pursuant to a plea bargain where the prosecution has not kept its promise are to vacate the sentence imposed after the plea and either give specific performance to the plea bargain or give the defendant the option of withdrawing his plea and going to trial on the original charge.

4. CRIMINAL LAW — PLEA OF GUILTY — BARGAINED PLEA — UNKEPT PROMISE — REMEDIES.

   A guilty-pleading defendant who was sentenced after consideration of a presentence report based in part upon a statement he had given police which, as part of the plea bargain, the prosecution had agreed would not.be used against the defendant is entitled to have the sentence vacated and be resentenced by a judge from a different circuit who will not consider the statement where the defendant does not assert that he is innocent and requests that either he be allowed to withdraw the plea or that the sentence be vacated.

REFERENCE FOR POINTS IN HEADNOTES

[1–4]  21 Am Jur 2d, Criminal Law § 484 *et seq.*

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted Division 3 January 31, 1972, at Lansing. (Docket No. 10353.) Decided March 21, 1972.

John Eck was convicted, on his plea of guilty, of preparing to burn real property. Defendant appeals. Reversed and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Dason V. Slack, Jr.,* Assistant Prosecuting Attorney, for the people.

*Wickett, Erickson, Beach & Burnham,* for defendant on appeal.

Before: Danhof, P. J., and R. B. Burns and T. M. Burns, JJ.

Danhof, J. The defendant was charged with burning real property. MCLA 750.73; MSA 28.268. He pled guilty to an added count of preparing to burn real property, MCLA 750.77; MSA 28.272. He was sentenced to two to four years in prison and he now appeals. We vacate the sentence and remand for resentencing.

The defendant's plea was offered as a part of a bargain. The defendant gave the police a statement concerning radical activities in the area. This statement was transcribed and a portion of it reads:

"It was agreed on all sides that any statements John made would not be used against him on his pending charge."

After the plea was accepted, a presentence report was compiled. It is admitted that the compiler of the report obtained the statement from the police and his report was in considerable part based on

the statement. In passing sentence, the trial court considered that portion of the report that had been derived from the statement.

Plea bargaining is now an accepted practice. However, in cases involving a bargained plea the bargain must be kept. *In re Valle,* 364 Mich 471 (1961). In this case it is clear that the people did not honor their obligation. Since the statement was given in contemplation of a guilty plea the agreement that it would not be used against the defendant could have reference only to sentencing.

In this case we do not find it necessary to set aside the plea. The United States Supreme Court discussed the proper disposition of this type of case in *Santobello* v *New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971). The court speaking through Mr. Chief Justice Burger stated:

"The ultimate relief to which petitioner is entitled we leave to the discretion of the state court which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced before a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, *i.e.,* the opportunity to withdraw his plea of guilty. We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge." 404 US at 263; 92 S Ct at 499; 30 L Ed 2d at 433.

In his concurring opinion Mr. Justice Douglas wrote as follows:

"Where the 'plea bargain' is not kept by the prosecutor, the sentence must be vacated and the state court will decide in light of the circumstances of each case whether Due Process requires (a) that

there be specific performance of the plea bargain or (b) that the defendant be given the option to go to trial on the original charges. One alternative may do justice in one case, and the other in a different case. In choosing a remedy, however, a court ought to accord a defendant's preference considerable, if not controlling weight, inasmuch as the fundamental rights flouted by a prosecutor's breach of a plea bargain are those of the defendant, not of the State." 404 US at 267; 92 S Ct at 501; 30 L Ed 2d at 436.

In this case the original bargain can still be adhered to if we vacate the defendant's sentence and remand for resentencing without considering the statement. The defendant has requested that he either be allowed to withdraw the plea or that the sentence be vacated. Defendant does not assert that he is innocent. After considering all of the circumstances we believe that in this case it is preferable merely to vacate the sentence.

We feel it necessary to exercise our powers under GCR 1963, 820.1(7) in order to protect the rights of the defendant and avoid placing the judges of the Ninth Circuit in an impossible position. On remand a new presentence report must be compiled. This report shall in no way be derived from the statement. On remand the judges of the Ninth Circuit shall be disqualified and the Court Administrator shall be requested to assign a judge from another circuit.

Reversed and remanded for further proceedings.
All concurred.