PEOPLE v BAKER

1. CRIMINAL LAW—PLEA BARGAINING—BREACH—REMEDIES.

   Plea bargaining is a valid practice and a defendant may be protected from a breach of the bargain by permitting him to either specifically enforce the agreement or withdraw his plea.

2. CRIMINAL LAW—PLEA BARGAINING—BREACH—REMEDIES—PREFERENCE OF DEFENDANT.

   In choosing a remedy for a breach of a plea bargain a court ought to accord a defendant's preference considerable, if not controlling, weight, inasmuch as the fundamental rights flouted by a breach of a plea bargain are those of a defendant, not of the state.

3. CRIMINAL LAW—PLEA BARGAINING—BREACH—REMEDY.

   Specific enforcement of the plea bargain is the appropriate relief in a case where a defendant was charged with two crimes, made an agreement to plead guilty to one crime if the other charge was dismissed, did plead guilty to the one crime, was sentenced and is serving sentence therefor, and has made a motion to dismiss the other crime based upon the prior plea bargaining agreement entered into with the prosecutor which agreement the prosecutor acknowledges.

Appeal from Eaton, Willard Mikesell, J. Submitted Division 3 November 10, 1972, at Lansing. (Docket No. 13477.) Decided April 24, 1973.

Paul Floyd Baker was charged with assault with intent to commit murder. Motion to dismiss the charge denied. Defendant appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

Enforceability of plea agreement, or plea entered pursuant thereto, with prosecuting attorney involving immunity from prosecution for other crimes, 43 ALR3d 281.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald E. Zimmer,* Prosecuting Attorney, for the people.

*Milton L. Zentmyer,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and TARGONSKI,* JJ.

BRONSON, J. On November 6, 1970, pursuant to warrants and complaints issued the same day, defendant was arrested and charged with two crimes: assault with intent to commit murder and breaking and entering. MCLA 750.83; MSA 28.278 and MCLA 750.110; MSA 28.305. These charges were the result of two separate transactions. Following plea bargaining negotiations, defendant agreed to plead guilty to the breaking and entering offense in return for a dismissal of the assault with intent to murder offense. On April 8, 1971, the bargain was consummated by the entry of defendant's guilty plea before Circuit Court Judge Richard Robinson. On April 29, 1971, defendant was sentenced to a prison term of 4 to 10 years on the breaking and entering offense, which he is currently serving.

On November 12, 1971, defendant filed a motion to dismiss the assault charge. Defendant based this motion upon the prior plea bargaining agreement entered into with the prosecutor. The prosecutor acknowledged the existence of the plea negotiations and acquiesced in defendant's request for dismissal.[1] On January 13, 1972, Circuit Judge Willard Mikesell denied defendant's motion to

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Plaintiff's prior effort to nolle prosequi the remaining charge was unsuccessful, Judge Mikesell denying the motion by written order.

dismiss, from which defendant appeals by leave of this Court.

There is no question that defendant's conviction for breaking and entering was the result of plea bargaining culminating in the acceptance of his guilty plea. The quid pro quo for defendant's plea was the prosecutor's dismissal of the assault charge. Both the prosecutor and defendant seek the enforcement of their bargain. In *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971), the United States Supreme Court recognized the validity of plea bargaining and attempted to protect a defendant from a prosecutor's breach by permitting him to either specifically enforce the agreement or withdraw his plea. The *Santobello* Court remanded the case to the trial court to enter the appropriate relief because of the prosecutor's failure to fulfill his bargain.

Unlike *Santobello* the prosecutor has fulfilled his bargain and defendant seeks to enforce the bargain rather than withdraw his guilty plea. In *People v Eck,* 39 Mich App 176, 179 (1972), we accepted the following guideline offered by Justice Douglas in his concurring opinion:

" 'In choosing a remedy, however, a court ought to accord a defendant's preference considerable, if not controlling weight, inasmuch as the fundamental rights flouted by a prosecutor's breach of a plea bargain are those of a defendant, not of the State.' 404 US at 267; 92 S Ct at 501; 30 L Ed 2d at 436."

Like the *Eck* panel, we see no reason why specific enforcement of the plea bargain is not the appropriate relief to be provided in the instant case. Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

All concurred.