PEOPLE v HAGEWOOD

Docket No. 78-1165. Submitted August 31, 1978, at Lansing.—Decided
    January 3, 1979.

    Defendant Steven K. Hagewood pled guilty to armed robbery
    after making a bargain with the prosecutor that there would be
    a ten-year maximum sentence. This bargain was placed in the
    record, the plea was accepted and the judge ordered a presen-
    tence report. Upon learning of defendant's prior criminal rec-
    ord, the judge informed defendant that the ten-year maximum
    sentence recommended by the prosecutor was unacceptable and
    allowed the defendant the option of withdrawing his plea or
    continuing the proceeding and receiving a 15-year maximum
    sentence. Defendant withdrew his plea and the trial judge
    disqualified himself. The case was reassigned to another judge
    and defendant again entered a plea of guilty, this time in
    exchange for a 12-year maximum sentence. His plea was ac-
    cepted in the Macomb Circuit Court, Raymond R. Cashen, J.
    Defendant appeals. Held:

    Sentencing is within the exclusive province of the judiciary
    and no sentencing agreement between the prosecutor and
    defendant is binding on the court. The acts of the judge in
    allowing defendant to withdraw his plea and disqualifying
    himself were proper.

    Affirmed.

    CYNAR, J., concurred separately. He added that, in the fu-
    ture, judges in such situations should inform defendants that
    such bargains amount to a mere sentence recommendation, not
    binding on the court.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — JUDICIAL AUTHORITY — PLEA
    BARGAINS — SENTENCE BARGAINS — STATUTES.
    The authority to pronounce sentence is within the exclusive

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 493, 527.
[2] 21 Am Jur 2d, Criminal Law §§ 503, 504.
[3] 21 Am Jur 2d, Criminal Law § 493.

province of the judiciary; neither the prosecution nor the defendant can bind the court with a sentence bargain (MCL 761.1; MSA 28.1072).

2. CRIMINAL LAW — PLEA OF GUILTY — PLEA BARGAINS — SENTENC-
ING.

The trial court did not err in allowing a defendant to withdraw his guilty plea and proceed before a new judge where the defendant's plea of guilty was based on a bargain providing for a ten-year maximum sentence, where, upon learning of the defendant's criminal record, the court informed the defendant that the bargained-for ten-year maximum sentence was unacceptable to him and where the defendant was given the option of withdrawing his plea or proceeding and receiving a 15-year maximum sentence.

CONCURRENCE BY CYNAR, J.

3. CRIMINAL LAW — PLEA OF GUILTY — PLEA BARGAINS — SENTENC-
ING.

A sentence agreement between the prosecutor and defendant amounts to nothing more than a sentence recommendation and is not binding on the court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Antonio Cavaliere,* Assistant Prosecuting Attorney, for the people.

*Daner, Freeman, McKenzie & Matthews, P.C.* (by *Daniel T. Stepek),* for defendant on appeal.

Before: M. J. KELLY, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. Defendant pled guilty to the crime of armed robbery, MCL 750.529; MSA 28.797. He now appeals as of right.

The prosecution and defendant entered into a plea bargain in which defendant would plead guilty to one count of armed robbery in exchange

for a maximum sentence of ten years in prison. This bargain was set forth on the record before the trial judge who accepted the plea and sent the matter to the probation department for a presentence report. After receiving the report, which showed that defendant had numerous previous convictions, the trial judge stated that he could not accept the ten-year maximum sentence recommended by the prosecutor. He then gave defendant the option of withdrawing his plea or continuing on with the present proceeding in which case he would be given a 15-year maximum sentence. Defendant chose to withdraw his plea whereby the trial judge disqualified himself and sent the case to another judge. After further plea negotiations defendant again pled guilty, this time in exchange for a 12-year maximum sentence. The sentence was accepted by the second judge.

Defendant now appeals stating that he should be given specific performance of the original bargain.

In order to properly evaluate this case, its exact legal posture must be recognized. First, there is no allegation that defendant withheld material information from the prosecutor or the court during plea negotiations. Therefore, the rule announced in *People v Cummings,* 84 Mich App 509; 269 NW2d 658 (1978), which allows the plea to be set aside upon the prosecutor's motion, is not applicable. Secondly, this is not a case where the bargain was broken because of the misconduct of the prosecutor, and the rule announced in *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971), which would permit the option of specific performance of the plea agreement, is not applicable. Finally, this case is not one where the trial court impermissibly interfered with the charging power of the prosecutor by refusing to accept a

plea to the crime charged. *People v Matulonis,* 60 Mich App 143; 230 NW2d 347 (1975). See *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974).

The present case is simply one wherein the trial court refused to accept the sentence recommendation of the prosecutor. The authority to pronounce sentence is within the exclusive province of the judiciary, *People v White,* 41 Mich App 370, 379; 200 NW2d 326 (1972), *aff'd,* 390 Mich 245, 259-260, fn 9; 212 NW2d 222 (1973), MCL 769.1; MSA 28.1072, and neither the prosecution nor the defendant can bind the court with a sentence bargain. We conclude that the trial court was within its authority when it refused to accept the sentence bargain.

We recognize that although a sentence bargain is not binding on the trial court, it would nonetheless be most unfair to a defendant to allow the trial court to sentence him as it thought necessary, but hold him to his guilty plea which was specifically made in exchange for a particular maximum sentence. In the interest of fairness, therefore, upon learning that the trial court will not accept the sentence bargain worked out by the defendant and the prosecution, defendant should be given the opportunity to withdraw his guilty plea. ABA Standards, Pleas of Guilty, § 3.3 (Approved Draft, 1968).

In the present case, the trial court, after refusing to accept the sentence bargain, gave the defendant the opportunity to withdraw his plea of guilty, which defendant did. The judge disqualified himself and the case was given to another judge. This procedure was entirely proper and regular; no error was committed.

Affirmed.

CYNAR, J. *(concurring).* I agree with the analysis and result reached by the majority. I write separately only to emphasize additional points.

Since the prosecutor could not bind the trial judge as to the maximum sentence, the sentence agreement between the prosecutor and defendant was nothing more than a sentence recommendation. In accepting defendant's plea, the sentencing judge did not bind himself to the ten-year sentence recommended by the prosecutor. Rather, he merely accepted the plea as given, subject to the sentencing recommendation. His power to pronounce sentence was still left intact.

However, in such a situation the defendant may have been misled into believing the prosecutor's recommendation was binding. Thus, a subsequent decision not to follow the prosecutor's recommendation may appear to the defendant to be a unilateral rejection of a previously agreed-upon bargain.

I agree with the majority's solution to this problem. However, it appears the judge in such a situation should inform the defendant that the recommendation is not binding. In this way, a defendant knows the precise extent of the benefit received in the bargain.