PEOPLE v WILLIAM HEILER

PEOPLE v THEODORE HEILER

Docket Nos. 43039, 43040. Submitted February 15, 1980, at Lansing.—
Decided April 29, 1980.

Defendant William Heiler was convicted on three counts of
possession of a controlled substance and defendant Theodore
Heiler was convicted on three counts of possession with intent
to deliver a controlled substance in Saginaw Circuit Court,
Joseph R. McDonald, J. Prior to trial, defendants moved to
suppress evidence found during the search of defendant Wil-
liam Heiler's home. The defendants alleged that the affidavit in
support of the search warrant: (1) did not establish probable
cause; (2) was impermissibly based on hearsay; (3) failed to
describe the residence to be searched with particularity; and (4)
did not sufficiently establish the informant's reliability. The
trial court denied defendants' motion to suppress. Defendants
appeal. Theodore Heiler on appeal further contends that the
prosecutor improperly filed a supplemental information charg-
ing Theodore Heiler as a habitual offender subsequent to his
conviction on the principal charges. *Held:*

1. The search warrant authorizing the search of defendant
William Heiler's home was based on sufficient information.

2. An affidavit in support of a search warrant meets the
requirements as set forth by the United States Supreme Court
where the affidavit contains sufficient information to inform a
magistrate of the underlying circumstances from which the
informant concluded that the contraband was where the infor-
mant claimed it was and the affiant swears as of his own
personal knowledge that the informant is credible and reliable.

3. The Court of Appeals will look to the following four factors
in determining whether a new Supreme Court ruling should be
applied retroactively or prospectively: (1) the purpose of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizure § 63 *et seq.*
[2] 20 Am Jur 2d, Courts § 85. .
   Prospective or retroactive operation of overruling decision. 10
   ALR2d 572.

new rule; (2) the general reliance on the old rule; (3) the effect on the administration of justice; and (4) whether the decision affects the guilt or innocence of the defendant.

4. The rule established by the Supreme Court in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), regarding a supplemental information charging a defendant as a habitual offender subsequent to conviction on a current charge has prospective application to those cases in which the substantive offense on which the supplemental information is based is filed on or after the date of the *Fountain* decision.

Affirmed.

1. CRIMINAL LAW — SEARCHES AND SEIZURES — WARRANTS — AFFIDA-VITS.

An affidavit in support of a search warrant meets the requirements as set forth by the United States Supreme Court where the affidavit contains sufficient information to inform a magistrate of the underlying circumstances from which the informant concluded that the contraband was where the informant claimed it was and the affiant swears as of his own personal knowledge that the informant is credible and reliable.

2. CRIMINAL LAW — COURTS — RULES — PROSPECTIVE — RETROSPEC-TIVE.

The Court of Appeals will look to the following four factors in determining whether a new Supreme Court ruling should be applied retroactively or prospectively: (1) the purpose of the new rule; (2) the general reliance on the old rule; (3) the effect on the administration of justice; and (4) whether the decision affects the guilt or innocence of the defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, *Linda Berns Wright,* Appellate Prosecuting Attorney, and *Kay F. Pearson,* Assistant Appellate Prosecuting Attorney, for the people.

*Irwin F. Hauffe, II,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and ALLEN and M. J. KELLY, JJ.

PER CURIAM. Defendant William Heiler was con-

victed of three counts of possession of a controlled substance contrary to MCL 335.341(4); MSA 18.1070(41)(4), and was sentenced to one year probation and appeals. Defendant Theodore Heiler was convicted on three counts of possession with intent to deliver a controlled substance contrary to MCL 335.341(1); MSA 18.1070(41)(1) and appeals.

Prior to trial, defendants moved to suppress evidence found during the search by warrant of defendant William Heiler's home. The basis of the motion was that the affidavit in support of the warrant (1) did not establish probable cause; (2) was impermissibly based on hearsay; (3) failed to describe the residence to be searched with particularity; (4) did not sufficiently establish the informant's reliability. We disagree.

Careful examination of the file and the affidavit discloses that the warrant was based on sufficient information. We find no abuse of discretion. *People v Thomas,* 86 Mich App 752, 758-759; 273 NW2d 548 (1978), *lv den* 406 Mich 971 (1979). An affidavit may be based on hearsay if it meets the two requirements set forth in *Aquilar v Texas,* 378 US 108, 114-115; 84 S Ct 1509; 12 L Ed 2d 723 (1964). The affidavit in question meets these requirements. *People v Johnson,* 68 Mich App 697, 703; 243 NW2d 715 (1976).

Reviewing the affidavit in a common sense manner as prescribed by *United States v Ventresca,* 380 US 102; 85 S Ct 741; 13 L Ed 2d 684 (1965), persuades us that the facts recited in the affidavit supported the conclusion that the house at 703 South Webster Street was the residence of both defendants.

The statements made to the affiant officer proved to be true, thus giving some indicia that the informant was specifically identified by name.

Therefore, we conclude that the affidavit contained sufficient indicia of the informant's credibility.

On a motion granted by this Court, defendant Theodore Heiler filed a supplemental brief claiming that the prosecutor violated the rule set forth in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), by filing a supplemental information charging defendant as an habitual offender after conviction on the latest charges. It is undisputed that the prosecution had actual or presumed knowledge of defendant's prior felony record because its office prosecuted the prior felonies. *Fountain, supra.* Further, it is uncontested that the filing of the supplemental information followed defendant's conviction on the current charges but preceded sentencing thereon, similar to the circumstances presented in *Fountain, supra.* However, since all of the critical facts occurred prior to the Supreme Court's decision in *Fountain,* the rule announced therein should not be applied to vacate defendant's current sentence on the habitual offender conviction unless *Fountain* is to be given retroactive effect.

In an order issued less than two months after *Fountain* was decided, the Supreme Court vacated a defendant's habitual offender sentence and reinstated his sentence on the underlying offense. *People v Morris,* 407 Mich 885 (1979). By relying on *Fountain* as authority for its action, the Supreme Court seemed to be giving retroactive effect to that decision. Similar action was taken by the Supreme Court in *People v Devine,* 407 Mich 904 (1979). However, there the Court specifically observed: "In resolving this case we intimate no opinion on the retroactivity of *People v Fountain* * * *." Still later, on May 11, 1979, the Supreme Court vacated this Court's order to affirm a defen-

dant's sentence and conviction and remanded to the Court of Appeals to determine "whether *Fountain* should be given retroactive effect". *People v Ronald Brown,* 407 Mich 913 (1979). From this series of orders, we conclude that the issue of the retroactivity of *Fountain* is, as yet, undecided.

In deciding whether a new Supreme Court ruling should be applied retroactively or prospectively, the various factors set forth in *People v Hampton,* 384 Mich 669, 674; 187 NW2d 404 (1971), and *People v Kamin,* 405 Mich 482, 494; 275 NW2d 777 (1979), must be balanced and considered. Upon weighing these factors, we conclude that the *Fountain* rule has prospective application to those cases in which the substantive offense on which the supplemental information is based is filed on or after the date of the *Fountain* decision. In considering (1) the purpose of the new rule, (2) the general reliance on the old rule, (3) the effect on the administration of justice, and (4) whether the decision affects the guilt or innocence of the defendant, *Hampton, supra,* 676, it is clear that the relevant precedent mandates that *Fountain* not be given retroactive application.

Affirmed.