PEOPLE v REESE

Docket No. 43897. Submitted April 9, 1979, at Lansing.—Decided
    June 3, 1980.

Freddie L. Reese was convicted of breaking and entering an
    occupied dwelling with intent to commit larceny therein in
    Saginaw Circuit Court, Joseph R. McDonald, J. Subsequently,
    the prosecutor filed an information charging defendant as an
    habitual offender. Upon his plea of guilty to the habitual
    offender charge, the defendant was sentenced to 5 to 22-1/2
    years imprisonment. The defendant appeals, alleging that the
    prosecutor erred in that a prosecutor with knowledge of a
    defendant's prior felony record must proceed promptly, if at all,
    against the defendant as an habitual offender. *Held:*

    1. Habitual offender charges should be filed by a prosecuting
    attorney with the information which charged the last felony to
    provide fair notice to the accused and avoid an appearance of
    prosecutorial impropriety.

    2. The Court of Appeals will look to the following three
    factors in determining whether a new Supreme Court ruling
    should be applied retroactively or prospectively: (1) the purpose
    of the new rule; (2) the general reliance on the old rule; and (3)
    the effect on the administration of justice. The rule established
    by the Supreme Court in *People v Fountain*, 407 Mich 96; 282
    NW2d 168 (1979), regarding a supplemental information charg-
    ing a defendant as an habitual offender subsequent to convic-
    tion on a current charge should be applied to future cases and
    to all cases which were pending on appeal at the date of the
    *Fountain* decision.

    Reversed and remanded with instructions.

1. CRIMINAL LAW — COURTS — RULES OF LAW — RETROACTIVE APPLI-
    CATION.
    The Court of Appeals will look to the following three factors in
    determining whether a new Supreme Court ruling should be

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error § 300.
    5 Am Jur 2d, Appeal and Error § 729.
[3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 19.

applied retroactively or prospectively: (1) the purpose of the new rule; (2) the general reliance on the old rule; and (3) the effect on the administration of justice.

2. CRIMINAL LAW — RULES OF LAW — RETROACTIVE APPLICATION — HABITUAL OFFENDERS.

The rule established by the Supreme Court in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), regarding prompt filing of a supplemental information charging a defendant as an habitual offender subsequent to conviction on a current charge should be applied to future cases and to all cases which were pending on appeal at the date of the *Fountain* decision.

3. CRIMINAL LAW — HABITUAL OFFENDERS — NOTICE — FILING.

Habitual offender charges should be filed by the prosecuting attorney with the information which charged the last felony to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, *Linda Berns Wright,* Appellate Prosecuting Attorney, and *Kay F. Pearson,* Assistant Prosecuting Attorney, for the people.

*Ronald J. Bretz* and *Ronald G. Kirschenheiter,* Assistant State Appellate Defenders, for defendant on appeal.

Before: D. C. RILEY, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Defendant was convicted by a jury of breaking and entering an occupied dwelling with the intent to commit larceny therein in violation of MCL 750.110; MSA 28.305. Subsequently, the prosecution filed an information charging defendant as an habitual felony offender under MCL 769.10; MSA 28.1082. Defendant pled guilty to this habitual offender charge and was sentenced to a term of 5 to 22-1/2 years imprisonment, with

credit for 167 days served. Defendant appeals as of right under GCR 1963, 806.1.

Defendant raises only one allegation of error. In *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), the Supreme Court held that a prosecutor who knows a defendant has a prior felony record must proceed promptly, if at all, against the person as an habitual offender. We must consider whether *Fountain* is applicable to the present case and, if it is, whether the prosecutor's actions herein satisfied the requirements of *Fountain.*

The issue as to whether a new rule of law should be applied retroactively or only prospectively is one which the courts have discussed in detail in numerous cases. See, *e.g., Linkletter v Walker,* 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965). In *Linkletter,* as in *People v Gay,* 407 Mich 681; 289 NW2d 651 (1980), *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971), and *People v Markham,* 397 Mich 530; 245 NW2d 41 (1976), a three-pronged test was proposed to govern decisions on retroactive versus prospective applications. This tri-tiered analysis calls for an examination of "(1) the purpose of the new rule; (2) the general reliance on the old rule; and (3) the effect on the administration of justice". *Hampton, supra,* 674.

Initially, we note that the Supreme Court has previously expressed approval of the prompt filing of charges against a defendant as an habitual offender when the prosecutor has knowledge of the defendant's prior felony record, *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970). However, this procedure was not mandated until *Fountain, supra.*

There are a variety of ways this *Fountain* procedural mandate may be given effect. See *Placek v*

*City of Sterling Heights,* 405 Mich 638, 662; 275 NW2d 511 (1979). A new rule of law may be made applicable, for example, to future cases and all pending cases or to future cases and the case at bar. In *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975), the Court limited the application of the new rule of law therein to the case at bar and all cases tried after an arbitrarily selected date. A ruling which merely restates or clarifies existing law, on the other hand, must be applied to the broadest category of cases, as nothing new is required which was not already mandated.

After balancing these considerations we believe that the rule of *Fountain* should be applied to future cases and to all cases which were pending on appeal at the date of the *Fountain* decision. The present case should therefore be judged by the requirements of *Fountain* in the interest of the administration of justice.

In *Fountain,* the defendant was charged as a fourth offender after he filed an appeal on the underlying conviction. In *People v Jones,* a case decided with *Fountain,* the defendant was charged as a third offender before sentencing but after conviction on the principal charge. In both cases the filings fell short of the "promptness" mandate and the habitual offender sentences were vacated. Because each defendant had a prior felony record in the jurisdiction in which he was being charged, the Court presumed that the prosecutors had knowledge of these felony records. Consequently, the Court held that:

"The habitual offender charges should have been filed *with* the information which charged the last felony to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety." 407 Mich 99. (Emphasis added.)

The defendant in the present case had a prior felony record in the jurisdiction in which the breaking and entering charge was brought. Under *Fountain,* we must presume that the prosecutor had knowledge of the defendant's prior record. The prosecutor, however, did not charge the defendant as an habitual offender until after defendant was convicted on the breaking and entering charge. Under the circumstances of this case, we believe that the only way in which the prosecutor could have satisfied the requirements of *Fountain* would have been to charge the defendant as an habitual offender at the same time as the defendant was charged on the principal felony. Therefore, we vacate defendant's habitual offender sentence and remand for sentencing upon defendant's breaking and entering an occupied dwelling with intent to commit larceny conviction, MCL 750.110; MSA 28.305.