PEOPLE v DIXON

Docket No. 48463. Submitted November 14, 1980, at Lansing.—Decided February 4, 1981.

Otis Dixon, Jr., was convicted, on his plea of guilty, of two counts of felonious assault in Washtenaw Circuit Court, Henry T. Conlin, J. Thereafter, the defendant was charged and convicted of being an habitual offender. The supplemental information supporting the habitual offender charge was not filed until the day following the defendant's guilty plea. The defendant was aware of the prosecutor's intention to file the habitual offender information prior to his guilty plea since he had entered into a sentence agreement with the prosecuting attorney and the trial judge. The defendant appeals, alleging that the habitual offender conviction should be vacated and the sentences on the underlying charges reinstated because the supplemental information was filed after defendant's conviction on the underlying charges in violation of the rule in *People v Fountain*, 407 Mich 96; 282 NW2d 168 (1979), and seeking specific performance of the sentencing agreement. *Held:*

1. The rule established in *Fountain* is inapplicable since the

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 233-236.

41 Am Jur 2d, Indictments and Informations § 201.

Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.

[2] 20 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 17.5, 19, 20.

41 Am Jur 2d, Indictments and Information § 201.

[3] 21 Am Jur 2d, Criminal Law §§ 491.5, 504, 505.

Right to withdraw guilty plea in state criminal proceeding where court refuses to grant concession contemplated by plea bargain. 66 ALR3d 902.

[4, 5] 21 Am Jur 2d, Criminal Law § 491.5.

Enforceability of plea agreement, or plea entered pursuant there to, with prosecuting attorney involving immunity from prosecution for other crimes. 43 ALR3d 281.

[6] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 9.

What constitutes former "conviction" within statute enhancing penalty for second or subsequent offense. 5 ALR2d 1080.

Increased sentences for dangerous offenders under 18 USCS § 3575. 41 ALR Fed 576.

defendant was aware of the prosecutor's intent to file the supplemental information charging the defendant with being an habitual offender prior to pleading guilty to felonious assault and must have taken that into consideration in entering into the sentence agreement.

2. The defendant's sentence agreement more closely resembles a plea bargaining agreement with the prosecutor than a sentencing agreement since the trial judge participated in the bargaining negotiations. Breach of a plea bargain by the prosecutor gives the defendant the election of either specific performance of the bargain or withdrawal of his guilty plea. Breach of a sentence agreement by the prosecutor only gives the defendant the remedy of withdrawing his guilty plea. The defendant should be given specific performance of the agreement.

3. Evidence of one of the defendant's prior felony convictions can be used as the basis for the habitual offender charge because the defendant was represented by counsel at the time of this prior conviction.

Remanded.

T. M. Burns, J., dissented. He believes that the *Fountain* decision is applicable to this case in all of its particulars. He would reverse the defendant's conviction of being an habitual offender under the supplemental information that was not filed in compliance with the requirements of *Fountain*. He would affirm the defendant's underlying convictions of felonious assault and reinstate the original sentences.

1. Criminal Law — Habitual Offenders — Case Precedent — Retroactive Application.

The rule established by the Supreme Court in *People v Fountain*, 407 Mich 96; 282 NW2d 168 (1979), regarding filing of a supplemental information should be applied to future cases and to all cases which were pending on appeal at the date of the *Fountain* decision.

2. Criminal Law — Habitual Offenders — Prosecuting Attorneys.

A prosecuting attorney is not precluded from proceeding with a prosecution under the habitual offender act as long as the prosecution's action is prompt and provides fair notice to the defendant sufficiently in advance of trial of the current charge.

3. Criminal Law — Guilty Pleas — Plea Bargains — Sentencing.

A criminal defendant may elect to have a plea bargain specifi-

cally enforced or have his guilty plea withdrawn where a plea bargain is breached; however, a breach of a sentence agreement only entitles a defendant to withdraw his guilty plea.

4. CRIMINAL LAW — SENTENCING — SENTENCE AGREEMENTS.

Specific enforcement of a sentence agreement with a prosecutor is not available to a criminal defendant because the authority to pronounce sentences is within the exclusive province of the judiciary and the prosecuting attorney cannot bind the court with a sentence bargain.

5. CRIMINAL LAW — TRIAL — PLEA BARGAINING NEGOTIATIONS — COURT PARTICIPATION.

A trial court may not participate in plea bargaining negotiations.

6. CRIMINAL LAW — SENTENCING — PRIOR CONVICTIONS — HABITUAL OFFENDERS.

Only those infirm prior guilty-plea convictions where defendant was not represented by counsel should be excised from a defendant's prior record for purposes of the habitual offender statute.

DISSENT BY T. M. BURNS, J.

7. CRIMINAL LAW — HABITUAL OFFENDERS — CASE PRECEDENT — RETROACTIVE APPLICATION.

*The rule established by the Supreme Court in* People v Fountain, *407 Mich 96; 282 NW2d 168 (1979), regarding filing of a supplemental information requires a prosecutor to file a supplemental information prior to a defendant's conviction on the underlying charge even where the defendant is aware of the prosecuting attorney's intent to file the supplemental information.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*William Douglas Winters,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and T. M. BURNS and R. H. CAMPBELL,* JJ.

R. H. CAMPBELL, J. Defendant, Otis Dixon, Jr., plea guilty on February 5, 1979, to two counts of felonious assault, MCL 750.82; MSA 28.277, in connection with a sentence agreement between himself, the prosecutor and the trial court. Under the agreement, defendant was to receive a maximum sentence of five years on an habitual offender charge arising from the assaults. The supplemental information supporting the habitual offender charge was not filed until the day following defendant's plea-based conviction.

Defendant was sentenced to two years and eight months to four years in prison on both assault charges. The trial on the habitual offender charge was conducted on August 20 and 22, 1979, and on August 24, 1979, defendant was sentenced to six to eight years in prison on that charge, and the sentences on the two underlying assault charges were vacated.

Defendant raises two issues worthy of discussion. First, he argues that the habitual offender conviction should be vacated and the sentences on the underlying charges reinstated, because the supplemental information was filed after defendant's conviction, in violation of the rule in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979). A determination of *Fountain's* retroactivity is crucial to this argument because *Fountain* was decided on August 28, 1979, four days after defendant was sentenced. The weight of authority indicates that *Fountain* should be prospectively applied, *People v William Heiler,* 97 Mich App 636; 296 NW2d 10 (1980), *People v Holmes,* 98 Mich App 369; 295

---

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 887 (1980), but that limited retroactivity should be allowed for those cases pending on appeal at the time of the *Fountain* decision. *People v Reese,* 97 Mich App 785; 296 NW2d 172 (1980), *People v Mohead,* 98 Mich App 612; 295 NW2d 910 (1980) (dissent of BURNS, J.).

The timing of defendant's conviction and claim of appeal have placed him in an unusual position. Because defendant's conviction occurred shortly before the decision in *Fountain,* his claim of appeal was not filed until after that decision. Consequently, defendant does not technically come within the limited retroactivity granted to pending appeals. Such a strict interpretation of the law would be unjust, however, because it would allow retroactivity on those cases tried sufficiently before *Fountain* to reasonably allow trial counsel to file a claim of appeal, but would deny retroactivity to those defendants convicted immediately prior to *Fountain* and whose legal counsel did not appeal as of right until after the decision. Trial counsel's justified reliance upon the 60-day appeal period contained in GCR 803.1 should not be penalized in this way.

The rule established in *Fountain* is inapplicable to this particular case, however. *People v Haywood,* 97 Mich App 621; 296 NW2d 127 (1980), held that the *Fountain* pronouncement does not preclude the prosecutor from proceeding with a prosecution under the habitual offender act as long as the prosecution's action is prompt and provides fair notice to the defendant sufficiently in advance of trial of the current charge. As support for this position, *Haywood* relies upon *Bordenkircher v Hayes,* 434 US 357; 98 S Ct 663; 54 L Ed 2d 604 (1978), which indicates that prosecutors may file supplemental informations after a defendant's con-

viction as long as they do so promptly and have indicated their intention to file these charges at the outset of the plea bargaining negotiations so as not to surprise the defendant with a more serious charge after negotiations have been completed:

" 'It may be helpful to clarify at the outset the nature of the issue in this case. *While the prosecutor did not actually obtain the recidivist indictment until after the plea conferences had ended, his intention to do so was clearly expressed at the outset of the plea negotiations.* Hayes was thus fully informed of the true terms of the offer when he made his decision to plead not guilty. *This is not a situation, therefore, where the prosecutor without notice brought an additional and more serious charge after plea negotiations relating only to the original indictment had ended with defendant's insistence on pleading not guilty.* As a practical matter, in short, this case would be no different if the grand jury had indicted Hayes as a recidivist from the outset, and the prosecutor had offered to drop that charge as part of the plea bargain.' (Footnote omitted.) *Bordenkircher, supra,* 360." (Emphasis added.) *Haywood, supra,* 624.

Under this standard, the prosecutor was not required to file a supplemental information prior to the defendant's conviction in the instant case. Defendant was aware of the prosecutor's intent to file the supplemental information and took that into consideration in his sentence bargaining agreement. Moreover, the supplemental information was promptly filed following the conviction. Accordingly, we find no reversible error.

Defendant's second argument requests specific performance of the sentencing agreement. It is well settled that where a plea bargain has been breached the defendant may elect to have the bargain specifically enforced or have the guilty plea withdrawn. *Guilty Plea Cases,* 395 Mich 96,

127; 235 NW2d 132 (1975), *People v Eck,* 39 Mich App 176; 197 NW2d 289 (1972), *People v Baker,* 46 Mich App 495; 208 NW2d 220 (1973). A breach of a sentence agreement, however, only entitles defendant to withdraw his guilty plea. *People v Hagewood,* 88 Mich App 35, 38; 276 NW2d 585 (1979). Specific performance is not available as an alternative remedy because the authority to pronounce sentences is within the exclusive province of the judiciary and the prosecutor cannot bind the court with a sentence bargain. *Id.* Ordinarily, defendant would therefore not be entitled to specific performance of his agreement.

This authority regarding the remedies available in plea bargaining and sentence bargaining presumes that negotiations occurred between the prosecutor and the defendant, however. It was not intended to apply to bargains struck with the trial court, since it is well established that the trial courts are not to participate in bargaining negotiations. *People v Mathis,* 92 Mich App 670, 674; 285 NW2d 414 (1979), *People v Bennett,* 84 Mich App 408; 269 NW2d 618 (1978), *lv den* 405 Mich 835 (1979). The trial judge failed to follow this principle, however, and participated in the sentence bargaining negotiations. The record indicates that the judge, not the prosecutor, promised defendant that he would receive a maximum sentence of five years on the habitual offender charge. Accordingly, we find that the defendant's sentence agreement more closely resembles a plea bargaining agreement with the prosecutor than a sentencing agreement with the prosecutor. Hence, the applicable remedy for breach of this agreement is an election between specific performance and withdrawal of the guilty plea. Defendant has requested specific performance. The sentence of the trial court is

vacated and this case is remanded for resentencing consistent with this opinion.

Defendant's argument that evidence of one of his prior felony convictions should not be used as the basis for the habitual offender charge is rejected. The record indicates that he was represented by counsel at the time of his prior conviction. See *People v Schram,* 98 Mich App 292; 296 NW2d 840 (1980), *People v Crawford,* 98 Mich App 309; 296 NW2d 244 (1980).

Remanded for resentencing.

M. F. CAVANAGH, P.J., concurred.

T. M. BURNS, J. *(dissenting).* Respectfully, I dissent. In my opinion, the holding of the Michigan Supreme Court in its decision in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), is applicable to the instant case in all of its particulars. Therefore, I would reverse defendant's conviction of being an habitual offender under the supplemental information that was not filed in compliance with the requirements of *Fountain.* I would, however, affirm defendant's underlying convictions of felonious assault. Inasmuch as defendant originally was sentenced to concurrent terms of two years-eight months to four years imprisonment on each of these felonious assault convictions prior to being charged as a habitual offender, I would reinstate those original sentences rather than remand this case for resentencing.