PEOPLE v ESTES

Docket No. 62624. Submitted October 15, 1982, at Grand Rapids.— Decided December 21, 1982.

Walter P. Estes was convicted, on his plea of guilty, of forgery, Kalamazoo Circuit Court, Patrick H. McCauley, J. At the plea taking, defendant admitted giving a check to another person, knowing the check was no good and with intent to defraud. Defendant appealed but his appeal was dismissed upon motion by his appointed attorney, who claimed that there were no nonfrivolous issues. Defendant applied to the Supreme Court for leave to appeal, and the Supreme Court remanded to the Court of Appeals for plenary consideration on the issues raised, 412 Mich 934 (1982). *Held:*

The giving of a check to another knowing the check to be no good and with intent to defraud does not constitute the crime of forgery. The facts established at the plea taking were not sufficient to support a conviction of forgery.

Remanded with instructions.

FORGERY — CHECKS.

The giving of a check to another knowing the check to be no good and with intent to defraud does not constitute the crime of forgery (MCL 750.248; MSA 28.445).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Robert C. Beck,* Assistant Prosecuting Attorney, for the people.

*Richard G. Chosid,* for defendant on appeal.

Before: D. F. WALSH, P.J., and ALLEN and M. F. CAVANAGH, JJ.

REFERENCE FOR POINTS IN HEADNOTE
36 Am Jur 2d, Forgery § 3.

PER CURIAM. Defendant pled guilty to forgery, in violation of MCL 750.248; MSA 28.445, in exchange for the prosecutor's agreement to drop other pending charges and to refrain from filing a supplemental information charging the defendant as an habitual offender. The trial court sentenced the defendant to prison for a term of 9 to 14 years. After being sentenced, the defendant applied for counsel to pursue an appeal, and an appeal of right was claimed. Appellate counsel subsequently filed a motion to dismiss appeal and withdraw as appellate counsel, arguing that there were no nonfrivolous issues which could be argued on appeal. This Court issued an order granting the motion to withdraw and affirming the conviction. On February 5, 1982, the Michigan Supreme Court remanded the case to this Court for plenary consideration of the issues raised therein. 412 Mich 934 (1982).

Defendant first argues that the factual basis elicited for his plea of guilty to forgery was inadequate. We agree. The factual basis for the plea consisted of the following:

"*The Court:* Okay, on 1/26/79 at 1040 Portage Street in the City and County of Kalamazoo, what did you actually do?

"*The Defendant:* I don't know where 1040 is. I gave Jeffrey Cook a check for $268.57.

"*The Court:* At the time, you knew it was no good?

"*The Defendant:* Right.

"*The Court:* You intended to defraud and take the money.

"*The Defendant:* Well, I didn't get the money. He got the money.

"*The Court:* But you intended to beat the complainant out of it?

"*The Defendant:* Pemco-Wheel?

"*The Court:* Yeah.

*"The Defendant:* Right.

*"The Court:* Beat them out of $268.57, and you intended to do it at the time you did it, right?

*"The Defendant:* Yes.

*"The Court:* Are you satisfied, Mr. Davis, the elements are there?

*"Mr. Davis [prosecutor]:* Yes, your Honor."

The forgery statute applies to persons who "make, alter, forge or counterfeit" certain documents, including checks. MCL 750.248; MSA 28.445. In this case, the only act that the defendant admitted committing was that he "gave" a check to another individual while intending to defraud the complainant. The act of giving a check to another person, even coupled with the intent to defraud, does not constitute the crime of forgery. Thus, we vacate the plea and remand the case to the trial court. On remand the prosecutor must be given the opportunity to supply the missing elements which would establish a factual basis for the plea. *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975).

On remand we also direct the trial court to hold an evidentiary hearing to consider the defendant's claims that his plea was involuntary, that he was not competent to plead, and that he was denied the effective assistance of counsel. On the record before us we are unable to resolve these issues. If the trial court decides these issues against the defendant, the prosecutor should be given the opportunity to establish the missing elements for forgery.

Lastly, we note that there is no merit to the defendant's claims that his guilty plea was the result of an illusory bargain and that the trial court improperly sentenced him to a crime for

which he was neither charged nor convicted. The defendant's plea was exchanged for a promise by the prosecutor that he would drop other pending charges and not file a supplemental information. Since the defendant was aware of the prosecutor's intent to file the supplemental information and since at the time the plea was entered the prosecutor was not required to file a supplemental information prior to the defendant's conviction, *People v Dixon,* 103 Mich App 518, 523; 303 NW2d 32 (1981), no illusory bargain occurred, especially since the prosecutor also agreed to drop the other pending charges against the defendant. With respect to the defendant's claim that he was not sentenced on the proper charge, we find that the trial court merely misspoke when it mentioned the charge of uttering and publishing. That charge was mentioned once in a record replete with references to the defendant's conviction for forgery, thus, we are convinced that the defendant was properly sentenced for the crime for which he was convicted, *i.e.,* forgery.

Remanded.