PEOPLE v DULIN

Docket No. 58599. Submitted March 5, 1982, at Detroit.—Decided January 10, 1983.

Timothy Dulin was charged with second-degree murder. At a pretrial conference in the Recorder's Court of Detroit, the prosecutor offered to reduce the charge to manslaughter in exchange for a plea of guilty. Clarice Jobes, J., informed the defendant that, if he took advantage of the prosecutor's offer, the court would sentence defendant to not more than 18 months incarceration. Two weeks later, after the court reiterated the sentence bargain, defendant pled guilty to manslaughter. At the time of sentencing, the trial court indicated that, after review of the presentence report, the court could not abide by the sentence agreement but would sentence defendant to a prison term of 5 to 15 years. The court offered to permit the defendant to withdraw his guilty plea. The defendant, after consultation with counsel, declined the offer to withdraw his guilty plea. Defendant was sentenced to a prison term of from 5 to 15 years. Defendant appeals, arguing that the Court of Appeals should order specific performance of the sentence bargain agreement. *Held:*

It is improper for a trial court to agree to a sentence in the absence of an updated presentence report. Specific performance of a sentence agreement is not an appropriate remedy; rather, the appropriate remedy is to permit the defendant to withdraw his plea. Since there is some authority for the proposition that specific performance of the sentence bargain agreement was an appropriate remedy, the defendant should not be penalized for

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 258, 527, 528.
[2-5] 21 Am Jur 2d, Criminal Law §§ 527, 528.
[3] 21 Am Jur 2d, Criminal Law §§ 481, 483-485.
[4, 5] 21 Am Jur 2d, Criminal Law § 485.
[6, 7] 21 Am Jur 2d, Criminal Law § 504.
    Right to withdraw guilty plea in state criminal proceedings where court refuses to grant concession contemplated by plea bargain. 66 ALR3d 902.

his declining of the offer permitting him to withdraw his guilty plea.

Remanded to permit the defendant to withdraw his guilty plea.

BEASLEY, J., concurred with the result reached but would direct that on remand the case be assigned to another judge.

P. J. MARUTIAK, J., dissented. He would hold that the defendant's refusal of the trial court's offer to permit defendant to withdraw his guilty plea, having been made after consultation with counsel, acts as a waiver of the defendant's right to thereafter withdraw his plea. He would affirm.

## OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT — JUDGES.

   Judges, in order to insure individualized sentencing, must refrain from deciding what sentence to impose until they have reviewed the presentence report.

2. CRIMINAL LAW — SENTENCING — JUDGES — GUILTY PLEAS.

   A trial judge who enters into a binding sentence agreement before reviewing the presentence report has effectively abandoned his obligation to the people and the defendant to make the punishment fit the criminal as well as the crime.

3. CRIMINAL LAW — SENTENCING — GUILTY PLEAS — SENTENCE BARGAIN AGREEMENT.

   A sentence bargain agreement is unenforceable by a defendant unless the trial court has reviewed an updated presentence report before entering into the sentence bargain agreement; a defendant's remedy if the trial court, after review of the presentence report, refuses to impose sentence in accordance with the sentence bargain agreement is to withdraw his plea rather than specific enforcement of the sentence bargain agreement.

4. CRIMINAL LAW — SENTENCING — GUILTY PLEAS.

   The insistence by a criminal defendant that a trial court sentence defendant in accordance with an agreement as to sentencing agreed to by the court before the court had reviewed the presentence report coupled with the defendant's refusal of the trial court's offer to permit him to withdraw his plea does not act as a waiver of the defendant's right to thereafter withdraw the plea where, on appeal, it is determined that specific performance of the plea bargain agreement is unenforceable.

Dissent by P. J. Marutiak, J.

5. Criminal Law — Sentencing — Presentence Report — Guilty
    Pleas.

   *An attempt by a trial court to sentence without a presentence
   report by agreeing to a specific sentence as part of a guilty plea
   agreement prior to review of the presentence report is a nul-
   lity; such an unauthorized and void sentence representation
   cannot be cured by specific performance of the plea-bargained
   sentence agreement.*

6. Criminal Law — Sentencing — Guilty Pleas — Sentence
    Bargain Agreement.

   *The remedy for a plea-bargained sentence agreement which the
   court will not follow upon a review of the presentence report is
   to give the defendant an opportunity to withdraw his guilty
   plea.*

7. Criminal Law — Sentencing — Waiver — Guilty Pleas.

   *The refusal of a defendant, after consultation with counsel, to
   accept a trial court's offer to permit defendant to withdraw his
   guilty plea after the court, having reviewed the presentence
   report, determines that it cannot impose a sentence in accor-
   dance with a plea bargain sentence agreement acts as a waiver
   of any right to seek withdrawal of the plea when the defendant
   unsuccessfully seeks enforcement of the sentence agreement on
   appeal.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Timothy L. Cronin,*
Assistant Prosecuting Attorney, for the people.

*Rosen, Levine, Goodstein & Swistak, P.C.* (by
*Frederic M. Rosen),* for defendant.

Before: R. M. Maher, P.J., and Beasley and P. J.
Marutiak,* JJ.

R. M. Maher, P.J. Originally charged with sec-
ond-degree murder, MCL 750.317; MSA 28.549,
defendant pled guilty to manslaughter, MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

750.321; MSA 28.553, pursuant to his plea agreement. In exchange for defendant's plea, the prosecutor had agreed to reduce the charge to manslaughter. The trial court then informed defendant that if he accepted the prosecutor's offer it would sentence defendant to a maximum of 18 months incarceration. The trial court, however, had not read defendant's presentence report before it offered defendant the year-and-a-half sentence. After reading it, the court apparently believed its original offer to be too generous and sentenced defendant to 5 to 15 years imprisonment. Reminded of its earlier agreement, the court allowed defendant to withdraw his plea. The defendant, however, declined to do so.

Defendant argues that he is entitled to specific performance of the sentence agreement. In *People v Dixon,* 103 Mich App 518; 303 NW2d 32 (1981), upon which defendant relies, a panel of this Court held that a defendent may specifically enforce a trial court's sentence agreement. I disagree with *Dixon* and hold that the defendant is not entitled to specific performance of his sentence agreement with a trial court.

Two central policy concerns must be considered by a court deciding whether a defendant is entitled to specific performance of a sentence agreement. First, a party to a contract is ordinarily entitled to the benefit of his bargain. Although permitting a defendant to withdraw his plea restores him to his original position, such a remedy is generally insufficient to fulfill the defendant's "expectation interest" in the contract. It seems unfair to countenance an intentional breach of contract by a member of the judiciary, while at the same time insisting that any other party to a contract must ordinarily perform the obligations he or she has un-

dertaken.[1] A system that permits trial judges to break their promises with impunity is likely to be perceived by the public, at best, as inconsistent and, at worst, as hypocritical.

This appearance of unfairness, however, is outweighed by society's interest in individualized sentencing. In order to ensure individualized sentencing, judges must refrain from deciding what sentence to impose until they have reviewed the presentence report. As the Supreme Court stated in *People v Triplett*, 407 Mich 510, 513-515; 287 NW2d 165 (1980):

> "In *People v McFarlin*, 389 Mich 557, 574; 208 NW2d 504 (1973), this Court emphasized its commitment to the principles that criminal punishment must fit the offender rather than the offense alone and that sound discretion must be exercised in sentencing matters. We stated:
>
> " *'The modern view of sentencing is that the sentence should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential. While the resources allocated for rehabilitation may be inadequate and some persons question whether rehabilitation can be achieved in the prison setting, this view of sentencing is the present policy of the state. A judge needs complete information to set a proper individualized sentence.'* (Emphasis supplied.) * * *
>
> "To effectuate these goals, it is patent that sentencing inquiries must not be undertaken in a vacuum. Rather such inquiries must be guided by complete and detailed information regarding the offender if the sentence prescribed is to fulfill society's dual goals of rehabilitation and protection. * * *
>
> "The presentence report is a vital and necessary

---

[1] Of course, specific performance is only required where the remedy at law—damages—is inadequate. It is safe to say that an award of damages would be inappropriate in the present context.

component of this effort to prescribe informed, individualized punishment in felony matters. * * * Indeed, unlike its discretionary predecessor, 1927 PA 175, ch XI, § 14, the present act mandates that '[b]efore sentencing any person charged with a felony, * * * the probation officer *shall* inquire into the antecedents, character and circumstances of such person or persons, and *shall* report thereon in writing to such court or magistrate'. (Emphasis supplied.) MCL 771.14; MSA 28.1144. * * * In *People v Brown,* 393 Mich 174, 181; 224 NW2d 38 (1974), this Court explicitly recognized the critical importance of such a document in our holding that sentence may not be pronounced without the aid of a presentence report. It was further held that such a report may not be waived 'even if the prosecutor, judge and defendant deemed it expedient in a particular case' to do so. *Id.,* 181. Our case law and statutory pronouncements therefore clearly attest to the pivotal significance of both the presentence investigation and report in the development of individualized sentencing determinations."

A trial judge who enters into a binding sentence agreement before reviewing the presentence report has effectively abandoned his obligation to the public and the defendant to make the punishment fit the criminal as well as the crime. The instant case illustrates the danger inherent in allowing trial courts to decide upon a sentence before reviewing the presentence report. Here, a defendant with two prior felony convictions was promised an 18-month prison term for taking the life of a fellow human being by stabbing him with a knife. Such a disposition would have undoubtedly added to the sense of injustice shared by those who are currently serving lengthy prison terms for committing victimless, *malum prohibitum* crimes.

I hold that a sentence bargain is unenforceable by the defendant unless the trial court has reviewed an updated presentence report before en-

tering into the agreement. If the trial court promises the defendant a particular sentence before it reviews the presentence report, the defendant has the right to withdraw his plea if the court breaks its promise but is not entitled to specific performance.

Since in the case at bar the trial court promised the defendant an 18-month sentence before it reviewed the presentence report, the defendant is not entitled to specific performance.

The defendant, however, is not without a remedy. After learning that the trial court would not fulfill its sentence agreement the defendant had the right to withdraw his plea. The trial court gave the defendant an opportunity to exercise this right, but the defendant, after conferring with his attorney, declined to do so. Defendant's refusal to withdraw his plea was not a waiver of this right. Quite understandably, the defendant insisted that the trial court comply with this Court's decision in *People v Dixon, supra,* by imposing the agreed-upon sentence.[2] The defendant should not be penalized for failing to predict that the present panel of this Court would not follow *Dixon.* Now that this Court has declined to follow *Dixon,* the defendant must be given another opportunity to withdraw his plea.

Remanded to the lower court to permit the defendant to withdraw his plea.

BEASLEY, J. *(concurring).* I concur with the result reached by Judge MAHER in permitting defendant to withdraw his plea. In addition, I would direct

---

[2] *Dixon* was decided on February 4, 1981, and the trial court promised the defendant an 18-month sentence on March 2, 1981. However, the record does not show that the trial court was aware of the *Dixon* case.

that on remand the case be assigned to another judge.

P. J. MARUTIAK, J. *(dissenting).* I respectfully dissent and would not allow this defendant to withdraw his plea.

Defendant's main reliance is upon *People v Dixon,* 103 Mich App 518; 303 NW2d 32 (1981). To the extent that *Dixon* seems to infer that specific performance of a sentence bargain is a proper remedy, I disagree. *Dixon* reiterates that a breach of a sentence agreement only entitles defendant to withdraw his guilty plea, *People v Hagewood,* 88 Mich App 35; 276 NW2d 585 (1979), and that specific performance is not available as an alternative remedy because the authority to pronounce sentences is within the exclusive province of the judiciary. *Dixon* also recognizes that the remedy of specific performance presumes negotiation between the prosecutor and the defendant and was not intended to apply to bargains struck with the trial court, since it is well established that the trial courts are not to participate in bargaining negotiations. From this point forward the logic becomes confused. *Dixon* seems to find that, once a trial judge fails to follow the principle of nonparticipation in bargaining negotiations, the judge then becomes a prosecutor and that specific performance of the sentence agreement can be enforced against the judge as if he were the prosecutor.

The judiciary's discretion and duty to sentence for the benefit of both the criminal and the public are well recognized. It is at least questionable whether, under any circumstances, a judge should be able to knowingly bargain away this duty. Michigan has addressed the problem. MCL 771.14; MSA 28.1144 makes the review of an up-to-date presentence report mandatory before a valid sen-

tence can be imposed. The presentence report cannot be waived even by a combined stipulation of prosecutor, defendant and the court. *People v Brown,* 393 Mich 174, 181; 224 NW2d 38 (1974). The *Brown* Court clearly stated:

"We are satisfied that the statute bespeaks a conviction that our criminal justice system is better served by requiring that a judge who is about to sentence a person have the information contained in a presentence report before making the decision whether to put that person on probation, fine or imprison him. It would militate against this conviction to recognize a right to waive the requirement even if the prosecutor, judge and defendant deemed it expedient in a particular case, for the Legislature, speaking for all the people, has ordained otherwise."

I am of the opinion that the Supreme Court has held that an attempt to determine a sentence without a presentence report is a nullity. This is emphasized in the *Matter of Del Rio,* 400 Mich 665, 696; 256 NW2d 727 (1977), where such an action was referred to as a willful and blatant violation of the statute and court rule. I would hold then that such an unauthorized and void procedure to determine a sentence cannot be cured by specific performance. The remedy is to give the defendant the opportunity to withdraw his guilty plea. In giving him this opportunity all of his due process rights are protected as are the rights which society has entrusted to the judiciary. *United States ex rel Selikoff v Comm'r of Correction of the State of New York,* 524 F2d 650 (CA 2, 1975), *cert den* 425 US 951; 96 S Ct 1725; 48 L Ed 2d 194 (1976). This procedure is in accord with *People v Palma,* 25 Mich App 682; 181 NW2d 808 (1970).

The defendant, represented by counsel and after conference with counsel, chose not to withdraw his guilty plea. Thus, I would affirm his conviction.